### In the Matter of GEORGE WOLOCH CO., INC., Debtor.

### GEORGE WOLOCH CO., INC.

### v.

### LONGVIEW CAPITAL PLASTIC PIPE, INC., etc., et al.

### Civ. A. No. 85–725.

United States District Court, E.D. Pennsylvania.

May 6, 1985.

James J. Gillespie, Jr., Philadelphia, Pa., for plaintiff-appellee.

Richard M. Imperatore, Philadelphia, Pa., for defendants-appellants.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

The debtor brought an adversary proceeding to collect an account receivable. The defendants in that action filed a demand for a jury trial and, simultaneously, a Motion to Dismiss. The bankruptcy judge denied the Motion to Dismiss, and the defendants brought this interlocutory appeal (with leave, per stipulation entered in open court at the hearing on April 22, 1985).

In *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court ruled that Congress could not constitutionally grant jurisdiction to non-Article III bankruptcy judges over "related proceedings"—*i.e.*, litigation involving state-law claims which, in the absence of bankruptcy, could be brought in other courts. En route to that ruling, and because of uncertainty as to how Congress would have structured the bankruptcy courts had it been aware of the jurisdictional problem, the Supreme Court invalidated the bankruptcy jurisdiction of the bankruptcy courts, granted by 28 U.S.C. § 1471 (Supp. IV 1980). In the wake of the *Marathon* decision, on December 21, 1982, this court adopted as a local rule the "emergency rule" suggested by the Judicial Conference of the United States in Administrative Order No. 28–1. The primary thrust of this rule was to shore up the jurisdiction of the bankruptcy courts with respect to all matters which they were constitutionally empowered to handle. Since, arguably at least, they had been deprived of all jurisdiction by the *Marathon* decision, but the district courts still had jurisdiction which, it was felt, could properly be delegated, the rule provided for the automatic reference of bankruptcy matters to the bankruptcy courts, subject to review by the district court if requested. The reference was broad enough to include "related matters" unless either side objected. The rule provided, however, that the bankruptcy judges were not thereby authorized or empowered to conduct jury trials.

On August 1, 1983, the new Federal Rules of Bankruptcy Procedure, promulgated by the Supreme Court and approved by Congress, went into effect. Rule 9015 of the Federal Rules of Bankruptcy Procedure provides:

> "(a) Trial by jury. Issues triable of right by jury shall, if timely demanded, be by jury ...."

Relying upon this rule, and also upon 28 U.S.C. § 1480 ("... this chapter and Title 11 do not affect any right to trial by jury, in a case under Title 11 or in a proceeding arising under Title 11 or arising in or related to a case under Title 11, that is provided by any statute in effect on September 30,

1979"), the debtor (plaintiff-appellee) argues that bankruptcy judges are now authorized to conduct jury trials. I agree. But, obviously, that does not mean that the *Marathon* decision has been overruled. A litigant who has a constitutional right to have a case decided by an Article III court cannot be forced to submit the dispute to an Article I court.

Related proceedings are not the only kinds of cases in which the right to a jury trial may be entitled to recognition. But the bankruptcy courts are empowered to enter final decisions only in "core" proceedings. Thus, in related proceedings, a jury trial in the bankruptcy court, unless with the consent of all parties, would be essentially an advisory and duplicative proceeding: it could, at most, culminate in a recommendation by the bankruptcy court to the district court for a final judgment.

The debtor seeks to characterize this dispute as a "core" proceeding, but I conclude that it is plainly a "related" proceeding. That being so, defendant-appellant is entitled to insist that the final decision be made only by an Article III court. The notion that a jury trial is likely to produce a different result depending upon whether the presiding judge is a district court or a bankruptcy judge seems farfetched, but defendant-appellant is entitled to embrace it. An order will therefore be entered, withdrawing the reference, insofar as this "related" dispute is concerned, so that the matter can proceed in an Article III court.[1]

Ironically, defendant-appellant's insistence upon Article III treatment means that its request for a jury trial cannot be immediately acceded to. Since the amount in controversy is less than $75,000, the dispute must, under our rules, first be submitted to arbitration. Only if one of the parties is dissatisfied with the arbitrator's decision, will there be a trial *de novo* before a jury.

1. Whether this was the purpose and intent of the "motion to dismiss" denied by the Order appealed from cannot be ascertained from the record: the parties have not included the motion itself.