**In re GLOBE PARCEL SERVICE, INC., Debtor.**

**Leo F. DOYLE, Trustee,**

v.

**MELLON BANK (EAST) NATIONAL ASSOCIATION Mellon Bank f/d/b/a Girard Bank and the Golden Nugget Casino.**

Misc. A. No. 86–0595.

United States District Court, E.D. Pennsylvania.

May 13, 1987.

Keith N. Leonard, Philadelphia, Pa., for trustee.

Rona J. Rosen, Philadelphia, Pa., for defendant, Mellon Bank (East).

Kevin F. Berry, Philadelphia, Pa., for defendant, Golden Nugget Casino.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

In the course of its chapter 7 petition, the plaintiff/trustee in bankruptcy initiated this adversary proceeding against defendants Mellon Bank (East) National Association and the Golden Nugget Casino.[1] The plaintiff seeks monetary damages against Mellon Bank for negligence, breach of fiduciary duty, conversion, and breach of contract. The plaintiff seeks money damages against Golden Nugget for negligence. As to these counts, the defendants have demanded a jury trial.

Jurisdiction in this court is predicated on 28 U.S.C. § 1334. The matter was referred automatically to the United States Bankruptcy Court for the Eastern District of Pennsylvania in accordance with our local rules. *See Raff v. Gordon,* 58 B.R. 988, 991 n. 5 (E.D.Pa.1986); *George Woloch Co. v. Longview Capital Plastic Pipe, Inc. (In re George Woloch Co.),* 49 B.R. 68, 69 (E.D. Pa.1985); *see also* 28 U.S.C. § 157(a) (Supp. III 1985). Pursuant to 28 U.S.C. § 157(d), the defendants have petitioned this court to withdraw the automatic reference from the bankruptcy judge and conduct a jury trial in the district court.

On February 23, 1987, the court ruled that the trustee's complaint was properly characterized as a related non-core proceeding defined by 28 U.S.C. § 157(c). *Doyle v.*

*Mellon Bank (East) Nat'l Ass'n (In re Globe Parcel Service, Inc.),* 71 B.R. 323 (E.D.Pa.1987). As a consequence of this characterization, the bankruptcy court was precluded statutorily from entering a final order to resolve the non-core dispute. Instead, the bankruptcy court was limited to submitting proposed findings of fact and conclusions of law to the district court for its consideration. The prospect of requiring the bankruptcy court to conduct a non-binding jury trial was deemed inexpedient and, thus, unwise. The court concluded, therefore, that if the defendants had a Seventh Amendment right to a jury trial, the reference to the bankruptcy court would be withdrawn and the case scheduled for trial before this court.[2]

Supplemental briefing was requested on the question of whether the trustee's related non-core proceeding constituted a suit at common law within the meaning of the Seventh Amendment. The parties have submitted their arguments on this question and the issue is now ripe for decision. The court finds that the defendants are entitled to a jury trial of the related non-core claims. Consequently, as explained in the February 23, 1987 memorandum, the reference to the bankruptcy court will be withdrawn.

The Seventh Amendment establishes that in "[s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Supreme Court has interpreted this clause to guarantee litigants the right to a jury trial in any action that would have customarily been brought before an English law court.[3] *See Tull v.*

---

1. The original complaint in this adversary proceeding was filed January 27, 1986. The trustee subsequently revised his papers and filed an amended complaint on July 15, 1986. This memorandum relates to the trustee's claims as formulated in the four-count amended complaint.

2. Under 28 U.S.C. § 157(d), the reference may be withdrawn for "cause". Implicitly, the February 23, 1987 memorandum recognized a proper jury demand in a non-core proceeding as "cause" for withdrawal under § 157(d). *See also Reda, Inc. v. Harris Trust & Savings Bank (In re Reda, Inc.),* 60 B.R. 178, 182–83 (Bankr.E.

D.Ill.1986) (collecting cases where reference withdrawn in non-core proceedings following jury demand); *George Woloch Co. v. Longview Capital Plastic Pipe, Inc. (In re George Woloch Co.),* 49 B.R. 68, 70 (E.D.Pa.1985) (reference withdrawn after proper jury demand).

3. Although this historical examination originally required courts to survey the state of the law in 1791 when the Seventh Amendment was adopted, the present day examination focuses instead on the state of the law in 1938 when law and equity were merged. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2302, at 14–15 (1971).

*United States,* — U.S. —, —, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). Thus, determining whether this constitutional right attaches to a particular issue in dispute requires the court to conduct an examination into the historical treatment of the plaintiff's claims at common law. If the issue for which a jury trial is demanded would have been heard historically by a court of law, the Seventh Amendment right attaches. Conversely, if the issue would have been heard historically by a court of equity, the right will not attach. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2302, at 14–15 (1971).

In conducting this examination, the court must be careful not to convolute the inquiry's focus. The relevant question asks: is the issue triable at law or triable in equity; or, distilled still further: is the issue legal in nature or equitable in nature. The type of forum chosen as the arena for litigation is not dispositive on the question of whether a right to a jury trial exists. The mere fact that a plaintiff raises his legal claims before a court of equity in the context of an equitable proceeding does not somehow convert claims that are otherwise legal—triable before a court of law—into equitable ones. *See Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970) ("legal claims are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit"); *Simler v. Connor,* 372 U.S. 221, 223, 83 S.Ct. 609, 611, 9 L.Ed.2d 691 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action."). The Seventh Amendment right to a jury trial depends not on the character of the overall action, but on the nature of the issues to be tried. *Ross,* 396 U.S. at 538, 90 S.Ct. at 738; *Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830). Once the Seventh Amendment prerequisites are satisfied, the right to a trial by jury is preserved inviolate. Fed.R.Civ.P. 38(a).

Consequently, the court rejects the trustee's argument that because the com-plaint was filed in bankruptcy court, a court of equity, the Seventh Amendment right cannot attach. To accept this position, the court must assent to a practice in which a plaintiff, by filing his legal claims within the context of a 28 U.S.C. § 1334 bankruptcy proceeding, could wrench from a defendant his constitutionally protected right to a trial by jury. The United States Court of Appeals for the Third Circuit rejected a similar result in the context of compulsory counterclaims. In *Amoco Oil Co. v. Torcomian,* 722 F.2d 1099 (3d Cir. 1983), the Third Circuit concluded that a compulsory legal counterclaim would entitle the counterclaimant to a trial by jury even though the main claim was equitable. *Id.* at 1104. To hold otherwise, the court reasoned, "would enable the preemptive filing of a complaint by the holder of an equitable claim, coupled with the doctrine of res judicata, to deprive the holder of a legal claim of his seventh amendment right to a jury trial." *Id.*

This reasoning is even more compelling in the circumstances of the present case. Unlike the counterclaimant in *Torcomian,* the defendants here are not the initiators of the action for which the jury trial is now sought. They have not chosen to litigate their property interests in a bankruptcy forum. On the contrary, as defendants, they were haled involuntarily before the bankruptcy court where they are now forced either to defend themselves or default. The record reveals no indication that the defendants are otherwise, in any way, involved in or necessary to the pending bankruptcy proceedings. Nevertheless, the trustee still maintains that, by filing this civil suit in the context of a bankruptcy proceeding, he can effectively deprive the defendants of any Seventh Amendment rights they may have. Such an evisceration of the Seventh Amendment this court is not prepared to approve.

The court also rejects the trustee's invitation to interpret the Bankruptcy Amendments and Federal Judgeship Act of 1984 [4] as mandating such a ruling. First, it is not

---

**4.** Pub. L. No. 98–353, 98 Stat. 333 (1984).

at all clear to this court that Congress intended its enactment to alter the Seventh Amendment rights of litigants in bankruptcy proceedings. *See e.g.,* Bankr.R. 9015 ("issues triable of right by jury shall, if timely demanded, be by jury....").

Second, if the 1984 Act could be properly interpreted as restricting the right to a jury trial before the *bankruptcy court,* this development would have no bearing on a bankruptcy litigant's Seventh Amendment rights before the district court. The district court's authority to hear a non-core bankruptcy matter is neither governed by nor derived from the bankruptcy court's grant of jurisdiction. Although this district, like many others, refers automatically all bankruptcy matters to the bankruptcy courts, the federal jurisdiction remains at all times with the district court.[5] *See* Comment, *Jurisdiction Under the Bankruptcy Amendments of 1984: Summing Up the Factors,* 22 Tulsa L.J. 167, 192 (1986).

Third, if in fact the 1984 Act was intended to restrict the jury rights of bankruptcy litigants before the district courts, the restriction would be unconstitutional. Just as a plaintiff may not circumscribe a defendant's right to trial by jury by tactically selecting a forum in equity, so too is Congress prohibited from circumscribing bankruptcy litigants' Seventh Amendment rights through an exercise of legislative fiat. "For this reason, any portions of the Bankruptcy Amendment Acts that limit the right to jury trial must be read narrowly to save them from a finding of constitutional infirmity."[6] *M & E Contractors, Inc. v. Kugler-Morris General Contractors, Inc.,* 67 B.R. 260, 265 (N.D.Tex.1986) (Buchmeyer, J.).

The court, therefore, concludes that the mere fact that the trustee's complaint was filed as an adversary proceeding in a pending bankruptcy action does not circumscribe the defendants' Seventh Amendment right to a trial by jury. Having reached this conclusion, the court now turns to the question of whether the particular claims advanced by the trustee give rise to a Seventh Amendment right. As noted earlier, this question requires the court to determine whether the trustee's claims are triable at law or triable in equity.

■ The legal or equitable nature of a claim is determined by considering (1) the customary treatment of the claim prior to the merger of law and equity, (2) the nature of the remedy sought, and (3) the practical abilities and limitations of juries.[7] *Ross,* 396 U.S. at 538 n. 10, 90 S.Ct. at 738 n. 10. The trustee's claims are listed as negligence, breach of fiduciary duty, conversion, and breach of contract. *See Ante* at 382.

■ With respect to the first criterion, customary treatment of the claim, the trustee does not refute the defendants' assertion that each of these four claims were customarily treated as legal in nature.[8]

5. Schematically, the bankruptcy courts are adjuncts of the district courts. They are given no statutory grant of jurisdiction but rather depend on district court delegation for their caseloads. *See generally* Comment, *Jurisdiction Under the Bankruptcy Amendments of 1984: Summing Up the Factors,* 22 Tulsa L. Rev. 167 (1986). Although Congress' initial plan for the bankruptcy courts was much different than the present system, the original enactment was found to be unconstitutional in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

6. Interpreting the language of the 1984 Act has brought frequent cries from the bench for legislative guidance. As one court chided, "the vagueness of the Act approaches an abdication of the responsibilities of the Congress that adopted the act." *M & E Contractors, Inc. v. Kugler-Morris General Contractors, Inc.,* 67 B.R. 260, 264 n. 5 (N.D.Tex.1986).

7. The court "considers" this third criterion, but "has not used [it] ... as an independent basis for extending the right to a jury trial under the Seventh Amendment." *Tull v. United States,* —— U.S. ——, —— n. 4, 107 S.Ct. 1831, 1835 n. 4, 95 L.Ed.2d 365 (1987).

8. The trustee does argue that its negligence claim against Golden Nugget is an action in equity rather than a suit at law. The trustee correctly observes that the common law customarily denied a person who had lost money through gambling the right to recover it from the winner. *See* 38 Am.Jur.2d *Gambling* § 213, at 260 (1964). The trustee also correctly notes that this general rule will not apply if the money gambled and lost was procured by a third person without authority from or the consent of the owner. The trustee, however, incorrectly concludes that this departure from the general rule creates an action in equity. To the con-

After independent investigation, this court agrees that each of the plaintiff's claims would be triable at law. *See Ross*, 396 U.S. at 533, 90 S.Ct. at 735 (conversion and "actions for damages to ... property"); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962) (breach of contract); *Arkwright Mut. Ins. Co. v. Philadelphia Elec. Co.*, 427 F.2d 1273, 1275 (3d Cir.1970) (negligence); *DePinto v. Provident Security Life Ins. Co.*, 323 F.2d 826, 837 (9th Cir.1963) (breach of fiduciary duty), *cert. denied*, 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964).[9]

With regard to the second criterion, it is clear from the face of the complaint that the trustee is demanding a legal remedy rather than an equitable one. *See* Amended Complaint at ¶ 23 ($350,000 demanded from Mellon Bank for negligence and breach of fiduciary duty); *id.* at ¶ 26 ($350,000 demanded from Mellon Bank for conversion); *id.* at ¶ 29 ($350,000 demanded from Mellon Bank for breach of contract); *id.* at ¶ 34 ($350,000 demanded from Golden Nugget for negligence). Finally, with respect to the third criterion, the court perceives no reason why hearing this case would unusually tax the practical abilities or limitations of an average civil jury.

Because the defendants have a Seventh Amendment right to a jury trial as to the trustee's related non-core claims,[10] the defendants' motion for withdrawal of reference will be granted. The trustee's adversary complaint shall be placed in this

court's trial pool of June 15, 1987. A jury trial is granted.

---

trary, the caselaw indicates that the trustee's action is a legal one, arising under the common law. "[O]ne whose property is appropriated by a third person in an unlawful manner and delivered to a gambler as the incident of betting, is permitted *at common law* to recover because ownership has not in fact passed...." *Simpson v. Brooks*, 208 Ark. 1093, 189 S.W.2d 364, 365 (1945) (emphasis added). *Accord Hartford Accident & Indemnity Co. v. Benevento*, 133 N.J.L. 315, 44 A.2d 97 (1945).

9. Although a claim for breach of fiduciary duty sounds technically in equity, the court is obligated to consider the true nature of the claims before it and not to rely on the labels the pleader chooses. *See Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1257 (3d Cir.1977). When the claim of breach of fiduciary duty is prem-

ised upon common law negligence, actionable in a direct suit at law, the question of breach may go to a jury. *See DePinto v. Provident Security Life Ins. Co.*, 323 F.2d 826, 837 (9th Cir.1963), *cert. denied*, 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964). *See also Tull,* —— U.S. at ——, 107 S.Ct. at 1838 (characterizing relief sought as more important than finding precisely analogous common law cause of action).

10. The trustee does not challenge and the court does not doubt the procedural prerequisites of the Seventh Amendment. *See* U.S. Const. amend. VII (value in controversy must exceed twenty dollars); Bankr.R. 9015 (jury right preserved if timely demanded). Consequently, these questions are not discussed here.