**In re CONSOLIDATED LEWIS INVEST-MENT CORPORATION–LIMITED PARTNERSHIP, a Louisiana Limited Partnership, Debtor.**

**CONSOLIDATED LEWIS INVESTMENT CORPORATION–LIMITED PARTNER-SHIP, a Louisiana Limited Partnership, Plaintiff,**

v.

**HIBERNIA NATIONAL BANK; Lake Management of Jefferson Parish; and Honorable Elmer B. Litchfield, Sheriff of East Baton Rouge Parish, Defendants.**

**Bankruptcy No. 86–01256.**
**Adv. No. 87–0104.**

United States Bankruptcy Court,
M.D. Louisiana.

Oct. 15, 1987.

William E. Steffes and R. Bruce Macmurdo, Baton Rouge, La., for plaintiff.

Leu Anne Lester Greco, Baton Rouge, La., for Sheriff Litchfield.

Edna Latchem, Baton Rouge, La., for Lake Management.

Patrick Johnson, Jr., New Orleans, La., for Hibernia Nat. Bank.

## REASONS FOR DECISION

WESLEY W. STEEN, Bankruptcy Judge.

This is an adversary proceeding filed by the Debtor against Hibernia Bank and the Sheriff of East Baton Rouge Parish. The plaintiff seeks damages for trespass, defamation, business interruption, and wrongful seizure in connection with the foreclosure on property belonging to the Debtor; the foreclosure took place before the bankruptcy petition was filed and virtually all of the damages that are alleged in the petition took place pre-petition.

■ This is a traditional action at common law and seeks a judgment *in personam* against the the Defendants. The cause of action arose pre-petition and is before the bankruptcy court only because one of the parties is a debtor in bankruptcy. The only aspect of these transactions that is

related to bankruptcy law is the fact that the Defendants did not voluntarily return possession of the property to the Debtor after filing of the bankruptcy petition, allegedly in violation of § 542 and § 543 of the Bankruptcy Code; however, that issue cannot be raised at this point in the proceeding because the Court declined to award such damages in the adversary proceeding for turnover that was brought earlier in this case. That issue is now *res judicata.*

The parties have filed outstanding memoranda, but I believe that each overstates the conclusions that I have reached in prior cases.

It is true that I have previously concluded, based on the language of *Katchen v. Landy,*[1] that determination of a claim against a creditor is an equitable proceeding within the summary/core jurisdiction of the bankruptcy court when that claim is so intertwined with bankruptcy principles and substantive law that the erstwhile common law proceeding becomes an equitable proceeding.[2] However, the Supreme Court authority on which I relied involves the determination of a preference claim against an entity that filed a proof of claim against the estate. *O'Bannon* involved a determination of dischargeability of a debt and a claim against the debtor; both of these are heavily dependent upon bankruptcy substantive principles and therefore invoke the doctrine of *Katchen v. Landy.*

It is also true that I have concluded that a debtor's cause of action against a creditor is within the core/summary jurisdiction of the bankruptcy judge when that claim arises out of the same transaction that constitutes the creditor's claim against the estate on which the creditor has filed a proof of claim in the bankruptcy proceed-

ing;[3] in essence, this holding was simply that an objection to claim was within the summary/core jurisdiction of the bankruptcy judge notwithstanding the fact that the debtor filed the proceeding as a state court petition and notwithstanding the possibility that the controversy essentially constituting an objection to claim could conceivably result in a judgment in favor of the debtor; this conclusion relied heavily on the fact that both the creditor's claim and the debtor's objection/counterclaim arose out of precisely the same transaction and depended extensively on the fact that alternative substantive grounds for relief (potentially the most significant grounds for relief) were fraudulent conveyance and equitable subordination grounds that are substantively available only under the Bankruptcy Code.

This proceeding is different from the two described above. First, virtually all facts that would be proved in order to entitle the Plaintiff to the relief claimed arose separate from and subsequent to the transaction that gave rise to the proof of claim filed by the creditor in these proceedings. Second, virtually all of those facts occurred prior to the filing of the bankruptcy case. Third, the claim is a claim by the Debtor against a creditor and not a claim by a creditor against the Debtor. Fourth, there appeared to be no substantive bankruptcy issue involved. Fifth, the proceeding appears to fit the definition of the noncore proceedings as described by the United States Supreme Court in *Northern Pipeline v. Marathon Pipe Line Co.*[4] as appearing before the bankruptcy court only because of the accident that one of the parties is a debtor in bankruptcy. This proceeding fits within the concept of noncore proceedings as defined in *Matter of Wood.*[5] In that case, the Fifth Circuit held:

---

**1.** 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

**2.** *In re O'Bannon,* 49 B.R. 763 (Bkrtcy., M.D.La., 1985).

**3.** See attached reasons and recommendations in Adv. 87–0098 and Adv. 87–0099 (Appendix).

**4.** 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

**5.** 825 F.2d 90 (5th Cir., 1987).

"We hold, therefore, that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." [6]

I conclude, therefore, that this proceeding is a noncore proceeding. I further conclude that it is not a proceeding in equity, but rather a proceeding at law. Therefore, any reliance on *In re O'Bannon* is misplaced since that case deals with entitlement to jury trials in equitable proceedings.

I agree with the Plaintiff that 28 U.S.C. § 1411 does not provide for jury trials in bankruptcy cases except for personal injury and wrongful death cases. Nevertheless, the Seventh Amendment to the Constitution provides for jury trials in actions at law where the jurisdictional amount is satisfied. Therefore, I conclude that in such circumstances there is a right to jury trial since it is specified in the Constitution.

There is precedent for non-Article III judges to conduct jury trials. [7] As I also noted in *O'Bannon*, however, if the proceeding is a noncore proceeding, a jury trial in the bankruptcy court would appear to be inappropriate because the rules for review call for district court review of the bankruptcy proceedings *de novo*. [8]

No doubt, the parties can consent to determination of a noncore matter by the bankruptcy judge. [9] In such event, the standard of appellate review would appear to be the clearly erroneous standard rather than the *de novo* standard. [10] Under such circumstances there would appear to be no reason why the bankruptcy judge could not conduct a jury trial.

The Plaintiff has mistakenly characterized this proceeding as a core proceeding in the allegations of his complaint. To reestablish this proceeding for expeditious determination, the following orders will be entered:

(1) The Plaintiff will amend his complaint to strike the allegation that the proceeding is a core proceeding and shall further amend the complaint to state whether the pleader consents, or does not consent, to entry of final orders or judgment by the bankruptcy judge, all as provided by Bankruptcy Rule 7008(a), last sentence. This amendment shall be accomplished within ten days.

(2) The Defendants shall amend their answers within twenty days to comply with Bankruptcy Rule 7012(b) which provides that the answer "shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge" in noncore proceedings.

(3) If either of the parties does not consent to entry of final order by the bankruptcy judge, then the bankruptcy judge will recommend to the district court that the proceeding be withdrawn to the United States District Court for the Middle District of Louisiana so that the constitutional right to jury trial can be maintained.

---

6. 825 F.2d 90, 97.

7. 28 U.S.C. § 636(c) under which magistrates may conduct jury trials.

8. There would not appear to be any insuperable obstacle to conduct of the jury trial before the bankruptcy judge with the district court to enter judgment based on the jury verdict. However, such a novel procedure would seem better left to the establishment of bankruptcy rules rather than an *ad hoc* formulation by the district court. On the other hand, the redactors of the Bankruptcy Rules might have anticipated some sort of process in which the district courts were to assist in the formulation of such rules since the committee note to Bankruptcy Rule 9015 states: "In the event the courts of appeals or the Supreme Court define a right to jury trial in any bankruptcy matters, a local rule substantially in the form of Rule 9015 can be adopted pending amendment of these rules." Since no Fifth Circuit case is yet known to define such a right to jury trial, I assume that a local rule to try such jury trials in the bankruptcy court would be appropriate.

9. 28 U.S.C. § 157(c).

10. Contrast 28 U.S.C. § 157(c)(1) and 28 U.S.C. § 157(c)(2).

APPENDIX

IN RE CONSOLIDATED LEWIS INVEST-
MENT CORPORATION—LIMITED
PARTNERSHIP, A LOUISIANA LIM-
ITED PARTNERSHIP DEBTOR

CONSOLIDATED LEWIS INVESTMENT
CORPORATION—LIMITED PART-
NERSHIP, A LOUISIANA LIMITED
PARTNERSHIP PLAINTIFF

VERSUS

FIRST NATIONAL BANK OF JEFFER-
SON PARISH AND HIBERNIA
NATIONAL BANK DEFENDANTS

AND

CONSOLIDATED LEWIS INVESTMENT
CORPORATION—LIMITED PART-
NERSHIP, A LOUISIANA LIMITED
PARTNERSHIP PLAINTIFF

VERSUS

HELLER FINANCIAL, INC. AND
HIBERNIA NATIONAL BANK
DEFENDANTS

Sept. 15, 1987

UNITED STATES
BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

CASE NO. 86–01256

ADVERSARY NO. 87–0098

ADVERSARY NO. 87–0099

**REASONS FOR DECISION AND
RECOMMENDATIONS**

### I. The Current Status of
These Proceedings

After filing a petition for reorganization under Chapter 11 of the Bankruptcy Code, the Debtor, Consolidated Lewis Investment Corporation—Limited Partnership (CLIC–LP), filed two suits in Civil District Court in Orleans Parish; the Defendants are First National Bank of Jefferson Parish (FNJ), Hibernia National Bank (Hibernia), and Heller Financial (Heller). The suits were removed to the United States District Court for the Eastern District of Louisiana

and were transferred by that Court to this Court. The Debtor's allegations are summarized by Judge Schwartz in his order that maintains federal jurisdiction and transfers the cases:

"[P]laintiff alleges that Fidelity National Bank of Baton Rouge (Fidelity), prior to Fidelity's merger with Hibernia, acted in concert with FNJ to allow the late A.C. Lewis, Jr., President of CLIC–LP to divert loan proceeds purportedly due CLIC–LP to Mr. Lewis' personal banking accounts. Out of these alleged loan diversions, plaintiff claims it has been damaged as a result of wrongful encumberances (sic) placed on its property by FNJ as well as having been forced to make loan payments without any benefits from the loans. Further, plaintiffs (sic) claim due to the actions of Hibernia, FNJ and the late Mr. Lewis, plaintiff was forced to file bankruptcy.

"In accordance with these allegations, CLIC–LP has asked the state court to (1) declare null and void a collateral mortgage and collateral mortgage note pledged and endorsed to FNJ encumbering the Orleans House Apartments; (2) cancel the FNJ mortgage on the Orleans House Apartments; (3) award damages to be paid by Hibernia and FNJ in the amount of $201,428,421.65 or, in the alternative, $206,428,421.65. The damages are sought as compensation for payments on the loan obligations, the alleged wrongful encumberances (sic), and finally damages sustained as a result of CLIC–LP's bankruptcy."

Each of the Defendants (Hibernia, FNJ, and Heller) has filed a proof of claim in the Debtor's bankruptcy proceeding. The Debtor has objected to each of these proofs of claim on the same grounds asserted in the state court lawsuit as sufficient under state law to avoid the Defendants' mortgages, to invalidate the notes, and to entitle the Debtor to damages.

### II. The Debtor's Motions

The Debtor, having been unsuccessful in resisting removal of the state court suits to United States District Court for the Eastern District of Louisiana, now seeks re-

mand of the state court lawsuits. The Debtor has also requested that the bankruptcy court abstain from determining its objection to the creditors' proofs of claim.

### III. Procedure for Disposition of Motions

Bankruptcy Rule 5011(b) provides that "a motion for abstention ... shall be heard by the bankruptcy judge who shall file a report and recommendation for disposition of the motion." The Committee Note to Bankruptcy Rule 5011 indicates that abstention must be decided by the district court because the decision is not appealable and because a "decision to relinquish ... jurisdiction must ultimately be a matter for the district court." 28 U.S.C. § 1334(c)(2) provides that the district court *must* abstain from hearing a proceeding if the tests in that subsection are met, and § 1334(c)(1) provides that the district court *may* abstain in the interest of justice, in the interest of comity with state courts, or out of respect for state law.

Bankruptcy Rule 9027(e) provides the same procedure for determination of a motion to remand a proceeding removed from state court. 28 U.S.C. § 1452(b) provides that "the court to which such claim or cause of action is removed may remand such claim or cause of action on *any equitable ground*. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, (sic) is not reviewable by appeal or otherwise." [Emphasis supplied.] The Debtor asserts that the basis for a decision to remand is the same as the basis for abstention. Accepting, without necessarily agreeing with, this premise I offer the following conclusions, analysis, and recommendations.

### IV. Conclusions, Analysis, and Recommendations

#### A. *Recommendation to Coordinate Ruling on Proofs of Claim With Ruling on Remand*

As noted above, each of the Defendants is a creditor in this bankruptcy case and each has filed a substantial proof of claim allegedly secured by a mortgage on immovable property. The Debtor has objected to the proofs of claim on essentially the same grounds that it has sued the creditors in state court. Since the objection to the proofs of claim and the allegations in the state court suit are virtually identical, the two should be determined by one proceeding, not by two. While that result would appear to be a rather elementary application of the principles of collateral estoppel or *res judicata*, its implications might not be so clear. My ultimate recommendation is that the court should not remand the removed proceedings. But if the district court determines to remand the state court proceedings, it should stay proceedings to determine objections to the proofs of claim under 11 U.S.C. § 305, not abstain from determining the objections to the proofs of claim; a stay would allow the state court to determine the dispute without indulging in a highly questionable practice of surrendering jurisdiction over bankruptcy proofs of claim. Failure to stay the proceedings to determine the proofs of claim would probably render moot the state court proceedings by an earlier determination of the objections to the proofs of claim.

#### B. *Mandatory Abstention*

As noted above, the state court petitions assert causes of action based on the Debtor's interpretation of state substantive law. In essence, the Debtor seeks a money judgment against the creditors based on tort theories (or some other, as yet undetermined, state law substantive ground) and would seek on these same grounds to avoid the liens and to avoid any obligation on the underlying indebtedness; alternatively, if the Debtor is able to obtain a money judgment, but the court determines that state law does not invalidate the bank's claims or liens, the Debtor would seek to avoid payment of the bank's claim by virtue of setoff or compensation.

The Debtor has carefully not asserted any grounds that it might have for avoidance of the obligation and for avoidance of the lien under §§ 544 and 548 or § 510 of the Bankruptcy Code. There might be other sections that would entitle the Debtor to similar relief, but these come to mind immediately. The Debtor was unwilling dur-

ing oral argument, however, to waive any such grounds for relief.

The Debtor asserts that these proceedings meet the requirements 28 U.S.C. § 1334(c)(2) for mandatory abstention; that is, the claim is founded in state law, the claim is "related to" a bankruptcy case but does not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code, there is no federal jurisdiction independent of bankruptcy jurisdiction, the proceeding "is commenced", and the proceeding can be adjudicated timely in state court. I recommend against acceptance of this argument because I conclude that the requirements of mandatory abstention are not met for several reasons:

(1) *The proceeding is not founded solely in state law.* While the Debtor's petition is stated in terms of a state law cause of action, there would appear to be a multitude of potential federal substantive bases for the relief that the Debtor seeks. Unless the Debtor is willing to waive those potential substantive bases, it would appear that there are potential "federal question" alternative grounds for relief (as described above) and therefore, the petition is not entirely grounded in state law.

(2) *The proceeding "arises in" a case under title 11 and might "arise under" title 11.* While it is true, as the Debtor contends, that one possible route to the relief it seeks is the circuitous journey it proposes (obtaining a judgment against the creditors with the objective of offsetting this judgment against the creditors' claims against the estate), it is also true that this is a proceeding arising under title 11 because the ultimate issue is the allowance of the creditors' claims and the determination of the creditors' secured status. These are matters arising under title 11.[1] This "proceeding"

therefore has potential multiple substantive grounds and is raised procedurally both in the objections to claims and in the state court petition against the creditors. Therefore, I conclude that the proceeding is not merely "related to" a case under title 11 but also "arises under" title 11.

The authors of the bankruptcy jurisdictional scheme apparently considered that a dispute between the debtor and another entity would neatly fit into one of three district court jurisdictional categories (arising in, arising under, related to) and into one of two categories delimiting the authority of bankruptcy judges (core/noncore). In a recent opinion, Judge Lee has demonstrated that depending upon how the proceeding is filed, the same facts posing the same issues can be either a core proceeding subject to complete adjudication by the bankruptcy judge or a noncore proceeding subject to mandatory abstention.[2] The issues discussed in this opinion are very similar. When raised in the context of objections to claims, the Debtor's claim is clearly a core proceeding.[3] When raised in the context of a state court suit based on state law substantive rights, the Debtor contends that they are noncore proceedings subject to mandatory abstention. *Marathon*[4] is turned on its head with the Debtor seeking state court adjudication and the creditors insisting on adjudication by the bankruptcy judge; the rules were not written with this possibility in mind. The Debtor contends that jurisdiction and the propriety of adjudication by the bankruptcy judge depends upon how the question is asked. A more reasoned approach would be to consider the substance of the issue and not simply the origin of the substantive law that al-

---

1. 11 U.S.C. § 502 and § 506, as well as the possibilities of avoidance under 11 U.S.C. § 544, § 548, and the possibility of equitable subordination under § 510.

2. *In re L.T. Ruth Coal Co., Inc.,* 66 B.R. 753 (Bkrtcy., E.D.Ky., 1986).

3. 28 U.S.C. § 157(b)(2)(B).

4. *Northern Pipeline v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

legedly entitles the complainant to relief.

(3) *The state court proceeding was not commenced prior to the filing of the bankruptcy case.* One of the requirements for mandatory abstention is that the state court proceeding "is commenced"; that is, the district court is not required to abstain unless the action "is commenced." The Debtor concedes that the vast majority of the jurisprudence on this subject holds that if the state court proceeding had not been filed and was not pending when the bankruptcy case was filed, then mandatory abstention does not apply because the proceeding does not meet the "is commenced" criteria of the statute. While I concur with the Debtor's inability to read this requirement from the statutory language, nevertheless it is the majority rule and augurs against abstention under § 1334(c)(2).

### C. Discretionary Abstention

In the alternative, the Debtor argues that the Court should exercise its discretion to abstain under § 1334(c)(1). That statute recognizes the district court authority to abstain "in the interests of justice, or in the interests of comity with state courts or respect for state law." As I stated in an earlier opinion:

"The legislative history of the predecessor statute indicates that abstention is appropriate in the circumstances discussed in *Thompson v. Magnolia Petroleum*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). That case held that the bankruptcy court abused its discretion by determining real property rights when state law was the sole determinant of the legal rights at issue and when the state law was so unsettled that conflicts within the courts might be settled by federal courts as a result of the 'accident of federal jurisdiction' in an area of state law supremacy." [5]

There are two different aspects of the abstention request. Abstention from hearing the claim, based on state law, for a money judgment against the banks and abstention from determining the objection to the proofs of claim.

First, I recommend against abstention from hearing the suit for damages. The reasons are generally the same as expressed above in explaining my recommendations against concluding that this proceeding *requires* abstention. As indicated above, it would appear that there are several potential substantive grounds for relief under the Bankruptcy Code; in addition, there has been no suggestion that state law is so unsettled as to justify abstention to prevent federal courts from determining state law issues. Finally, and most important, the questions raised by these state court lawsuits are not tangential to the bankruptcy process but rather are at the very heart of this case. The issue involved in these proceedings is the determination of claims against the estate and of liens against property of the estate. There would appear to be few, if any, questions more central to a bankruptcy proceeding.

Second, I recommend against abstention from determining the objection/counterclaim to the proofs of claim. As noted, the Debtor's objections assert and claim offset or compensation based on the same legal grounds as the lawsuits removed from state court. The Debtor has asked for abstention. It simply does not seem reasonable that the district court (acting for its adjunct) should abstain from determining claims against the estate or liens against property of the estate. Even the Debtor does not seriously make this contention except to suggest that the state court lawsuits should be remanded and if the state court lawsuits are remanded, then the bankruptcy court should abstain from hearing the objections to the proofs of claim; nevertheless, regardless of how the request is stated, the effect of remand would be to require the bankruptcy court to abstain on hearing objections to these very central issues of bankruptcy proceedings.

---

**5.** *In re Cemetery Development Corporation*, 59 B.R. 115 (Bkrtcy., M.D.La., 1986).

## D. Remand

The Debtor argues that the reasons for or against remand should be measured against essentially the same criteria as the Court uses to test a request for discretionary abstention. Therefore, the preceding discussion is also relevant to the remand proceeding. The Debtor argues that it is significant, in connection with the remand decision, that the state court proceedings are not core proceedings and that the Debtor is entitled to a jury trial. These two questions will be treated separately:

First, are the proceedings core proceedings? The Debtor argues that they are not core proceedings because they assert no federal claim. The Debtor is clearly incorrect in basing its "core/noncore" argument on this basis. 28 U.S.C. § 157(b)(3) provides that "a determination that a proceeding is not a core proceeding shall *not* be made solely on the basis that its resolution may be affected by state law." [Emphasis supplied.]

In addition, I would conclude that each of the issues presented is a core proceeding. 28 U.S.C. § 157(b)(2) states that core matters include, but are not limited to, "allowance or disallowance of claims against the estate, counterclaims by the estate against persons filing claims against the estate, determinations of the validity, extent, or priority of liens, [and] other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship." There is no serious question but that the Debtor is asserting a counterclaim against a person filing a claim against the estate; there is no serious question, regardless of the terms in which the state law petition is phrased, that the ultimate issue is the determination of the claims by these creditors against the estate and the validity of their liens against property of the estate. It is hard to imagine an issue that is more at the core of the bankruptcy process. The statute, therefore, classifies the proceeding as core.

In addition, however, a reasonable analysis of 28 U.S.C. § 157 yields the conclusion that core proceedings are those that must be handled quickly and expeditiously in connection with the restructuring of the debtor/creditor relationship in a cohesive and coordinated process of estate administration. Allowing this most central aspect of the bankruptcy case to proceed separate and independent from the bankruptcy proceeding would destroy this unitary concept. The function, therefore, is core.

The Debtor contends that the bankruptcy court cannot afford the Debtor a jury trial to which it has a constitutional right and therefore the proceeding should be remanded. I disagree, both with the premise and with the conclusion.

The Debtor contends that 28 U.S.C. § 1411 does not afford it a jury trial and that if it has such a right, the right must derive from the Constitution. I agree; but that is merely the starting point. First, assuming that part or all of the Debtor's claim is an action at law to which the Debtor has a constitutional right to a jury trial (which issue has not been briefed or decided), I know of no definitive pronouncement that a bankruptcy judge cannot conduct a jury trial. The 1987 revision of the Bankruptcy Rules explicitly leaves that issue open to decision as a jurisprudential development.[6] Second, it is possible that the action at law might become so entwined in the process of bankruptcy, an equitable proceeding, as to lose the constitutional right to jury trial.[7] Third, and assuming

---

**6.** Committee Note to Revised Rule 9015. *Compare M. & E. Contractors, Inc. v. Kugler-Morris General Contractors,* 67 B.R. 260 (D., N.D.Tex., 1986) and *In re Clark,* 75 B.R. 337 (N.D.Ala., 1987).

**7.** *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966):

"... as the proceedings of bankruptcy courts are inherently proceedings in equity ... there is no Seventh Amendment right to a jury trial for determination of objections to claims ... As this Court has previously said in answering the argument that disputed claims must be tried before a jury: ... 'If it be conceded or clearly shown that a case belongs to this class [*i.e.,* equity jurisdiction], the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity. ... so in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which

that the debtor is entitled to a jury trial but the bankruptcy judge cannot conduct a jury trial, it does not necessarily follow that the proceedings must be remanded to state court; if the Debtor is entitled to a jury trial, and if the bankruptcy judge cannot conduct it, the trial can be provided in the United States District Court of which the Bankruptcy Court is an adjunct.[8]

### E. Summary and Conclusion

In summary, I conclude that mandatory abstention is not applicable because no proceeding was commenced in state court prior to the bankruptcy proceeding, because the cause of action is not exclusively premised on state law, and because the cause of action is essentially the determination of a claim against the estate and the determination of liens against property of the estate; the latter are proceedings arising under title 11. Abstention is not mandatory under these circumstances. Discretionary abstention is not appropriate under these circumstances, especially when the issues involved are not analogous to those in *Thompson v. Magnolia Petroleum,* but are central to the bankruptcy process involving this Debtor. Third, I conclude that the removed proceedings are core proceedings because they involve the determination of the validity of liens against property of the estate, determination of counterclaims against entities that have filed claims against the estate, and because they

involve the allowance or disallowance of claims against the estate. Fourth, I conclude that the Debtor is not entitled to a jury trial with respect to these issues. Fifth, I conclude that if the Debtor is entitled to a jury trial on these issues, then the district court should consider whether the bankruptcy judge can conduct a jury trial and if the district court concludes that the bankruptcy judge cannot, then the proceeding should be withdrawn to the United States District Court and tried there before a jury, or that the issues to which the Debtor has a constitutional right to jury trial be severed and those severed issues be tried before the United States District Court with a jury. Finally, and only in the event that the Court determines to remand the state court proceedings, I recommend that the Court then stay, under 11 U.S.C. § 305, any determination of the objections to claim because otherwise the state court proceeding might be rendered moot.

/s/ Wesley W. Steen
WESLEY W. STEEN
UNITED STATES
BANKRUPTCY JUDGE

would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods.' *Barton v. Barbour,* 104 U.S. [14 Otto] 126, 133–134, 26 L.Ed. 672." 382 U.S. 323, 336, 86 S.Ct. 467, 476.

In *Katchen v. Landy* the court was concerned with a claim for recovery of a preferential transfer. The court made it clear that the parties had no Seventh Amendment right to jury trial notwithstanding the claim, normally triable in law, for recovery of money:

"And of course it makes no difference, so far as petitioner's Seventh Amendment claim is concerned, whether the bankruptcy trustee urges only a § 57, sub. g objection or also seeks affirmative relief.... we have held that equity courts have power to decree complete

relief and for that purpose may accord what would otherwise be legal remedies." 382 U.S. 323, 337–338, 86 S.Ct. 467, 477.

If my reading of *Katchen v. Landy* is overbroad (*see M & E Contractors, Inc.,* 67 B.R. 260 (D.N.D., Tex., 1986), the result must be that a creditor who did not seek equitable jurisdiction but files a proof of claim loses his right to demand a jury trial on a counterclaim to recover a preferential transfer, but the debtor (who did seek the jurisdiction of a court of equity) retains the right to demand a jury trial on a counterclaim that the creditor is willing to submit to adjudication of the bankruptcy judge.

8. *Matter of Wolock Co., Inc.,* 49 B.R. 68 (D., E.D.Pa., 1985); *In re Bokum Resources Corp.,* 49 B.R. 854 (Bkrtcy., N.M., 1985); *M & E Contractors,* 67 B.R. 260 (D., N.D.Tex., 1986); *In re Globe Parcel Service, Inc.,* 75 B.R. 381 (E.D.Pa., 1987).