**In re ONE–EIGHTY INVESTMENTS, LTD., Debtor.**

**ONE–EIGHTY INVESTMENTS, LTD., and Colony Investments, Plaintiffs,**

**v.**

**FIRST INTERNATIONAL BANK OF SAN ANTONIO, N.A., and Fincher Investment Company, Defendants.**

**Bankruptcy No. 81 B 8142.**

**Adv. Nos. 82 A 1228, 85 C 3522.**

United States District Court, N.D. Illinois, E.D.

Feb. 11, 1987.

Steven DuPre, Levy & Erens, Chicago, Ill., for plaintiffs.

Elias N. Matsakis, Robert W. Queeney, McBride, Baker & Coles, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

Before the court is Fincher Investment Company's ("Fincher") objections to proposed Findings of Fact and Conclusions of Law and motion to withdraw reference of this matter from the bankruptcy court. One-Eighty Investment, Ltd. ("One-Eighty") and Colony Investments Company ("Colony") have moved to strike Fincher's objections to proposed Findings of Fact and Conclusions of Law. For the reasons stated herein, the court strikes Fincher's objections to proposed Findings of Fact and Conclusions of Law and declines to withdraw reference of this matter to the bankruptcy court.

## DISCUSSION

The 1978 Bankruptcy Reform Act contained an "original but not exclusive" jurisdictional grant to bankruptcy courts of cases arising under Title XI of the United States Code (The Bankruptcy Code) or arising in or related to cases under Title XI. 28 U.S.C. 1471(b). This jurisdictional grant was intended to expand the jurisdiction of

bankruptcy courts without offending the constitution. However, in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 798 (1982), the Supreme Court struck down the jurisdictional grant as unconstitutional based upon the fact that it effectively denied litigants the right to have their controversies resolved by an Article III judge.

In response to the Supreme Court opinion in *Northern Pipeline,* Congress amended the Bankruptcy Code and enacted 28 U.S.C. § 157, which authorizes district courts to refer all bankruptcy cases and proceedings to the bankruptcy judges. Prior to the enactment of Section 157 this district issued a General Order referring all bankruptcy cases and proceedings to the bankruptcy judges. The instant case was automatically referred to the bankruptcy judge pursuant to this General Order.

Both the General Order of this district court and 28 U.S.C. 157(c)(1) provide that in a non-core proceeding that is otherwise related to a case under Chapter 11, a bankruptcy judge may not enter a judgment or dispositive order but must submit Findings of Fact and Conclusions of Law and any final judgment or order shall be entered by the district court only after considering the bankruptcy judge's *proposed* Findings of Fact and Conclusions of Law and reviewing de novo those matters to which any party has timely and specifically contested. Since neither party seems to dispute the fact that the instant controversy is a non-core related proceeding,[1] the court shall presume 28 U.S.C. 157(c)(1) governs the case.

*Objections to Findings of Fact and Conclusions of Law and Motion to Strike Findings of Fact and Conclusions of Law*

### BACKGROUND

Fincher moved to dismiss One-Eighty and Colony's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56. By order dated October 1, 1984, Bankruptcy Judge Fisher denied Fincher's motion for summary judgment and declined to consider the motion to dismiss as moot. Fincher timely filed objections to Judge Fisher's October 1, 1984 order with this court on October 25, 1984. One-Eighty and Colony moved to strike the objections to Judge Fisher's order based primarily on their contention that since no final order or judgment had been proposed by Judge Fisher this court did not need to review the October 1, 1984 order. In case they were wrong on the motion to strike, One-Eighty and Colony also responded to Fincher's objections.

At issue is whether the bankruptcy judge had authority to enter the October 1, 1984 order without submitting proposed Findings of Fact and Conclusions of Law to this court or, alternatively, whether this court should consider the October 1, 1984 order as proposed Findings of Fact and Conclusions of Law.

Fincher basically takes issue with Judge Fisher's October 1, 1984 order because many of the arguments presented in the motion for summary judgment were not addressed or were "misconstrued" by the bankruptcy judge. While this court can understand Fincher's frustration or disappointment in not prevailing on the motion for summary judgment, our consideration of the matter must be limited to the issue of whether Congress, in enacting Section 157(c)(1), intended the district court to conduct de novo review of interlocutory non-final orders.

Courts that have considered the precise issue of the scope of Section 157(c)(1) have concluded that only final orders need be entered in non-core proceedings by an Article III judge. See, 1 Collier, Bankruptcy P3.01(2)(d)(i) (15th Ed. 1986). In so holding, one court reasoned:

"While not defined, Congress' use of the familiar legal expression 'final order' connotes its intent that the words be

---

**1.** Both parties refer to the matter as a non-core related proceeding in their memoranda. See, Fincher's Motion to Withdraw Reference, p. 2 ¶ 3, and One-Eighty and Colony's Response in Opposition to Fincher's Second Motion to Withdraw Reference, p. 4.

given their usual legal meaning and bankruptcy interlocutory orders in non-core proceedings need not be submitted to the district court, citing *In re Lion Capital Group,* 46 B.R. 850 (S.D.N.Y. 1985) citing *Henry v. United States,* 251 U.S. 393, 395 [40 S.Ct. 185, 186, 64 L.Ed. 322] (1920)."

*In re Kennedy,* 48 B.R. 621, 622 (D.Ariz. 1985). Similarly, in *In re Lion Capital Group,* 46 B.R. 850, 854 (S.D.N.Y.1985), the court considered the burden that might be placed on district courts if bankruptcy courts could not entertain interlocutory orders and concluded that Congress sought to involve the district courts only with respect to final orders in referred proceedings and that bankruptcy judges are to issue interlocutory orders in related cases referred to them. Additionally, the Seventh Circuit has recognized that after *Northern Pipeline* bankruptcy judges cannot enter "final orders" in related proceedings. *In re K & L, Ltd.,* 741 F.2d 1023 (7th Cir.1984).

■ After considering the matter the court concludes that Congress did not intend to impose the burden on the district court that would result if bankruptcy courts could not enter interlocutory orders. Since the denial of Fincher's motion for summary judgment is an interlocutory order,[2] the bankruptcy court had authority to deny the motion without submitting proposed Findings of Fact and Conclusions of Law to this court. Hence, since the October 1, 1984 order is not a proposed order, Fincher's objections will be stricken.

### Motion to Withdraw Reference

28 U.S.C. 157(d) permits the district court to withdraw, in whole or in part, any case or proceeding referred to the bankruptcy court on timely motion of a party for cause shown and requires the court to withdraw reference if the proceeding involves consideration of both Title XI and other laws of the United States "regulating organiza-tions or activities affecting interstate commerce."

The majority of motions to withdraw reference seem to fall under the mandatory withdrawal provisions in Section 157(d). There are few cases discussing the permissive withdrawal provision in Section 157(d). One court that considered the withdrawal of reference provision contained in Section 157(d) construed that Section to create:

"... a presumption that Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy court unless rebutted by a contravening policy. The presumption may be overcome only by an overriding interest based on a finding by the court that the withdrawal of reference is essential to preserve a higher interest than that recognized by Congress and is narrowly tailored to serve that interest."

*In re DeLorean Motor Co., Inc.,* 49 B.R. 900, 912 (E.D.Mich.1985). Another court focused on the "for cause shown" requirement and in referring the proceeding to the bankruptcy court reasoned that "... Congress has determined that conservation and management of a debtor's assets for the benefit of its shareholders and creditors is of paramount importance." *Alliance Communications Group, Inc. v. Northern Telecom, Inc.,* 65 B.R. 581 (S.D.N.Y.1986) citing *In re Turner,* 724 F.2d 338, 341 (2nd Cir.1983).

■ Fincher argues (without citing any case authority) that considerations of judicial economy compel withdrawal of this matter from the bankruptcy court. In support of its motion Fincher contends that this court will have the best working knowledge of the case after it considers the objections to the October 1, 1984 order since the judge that issued that order is now retired. It also argues that the bankruptcy court is overworked and does not have time to consider this matter and that by comparison the district court has more time to handle the case. One-Eighty and

---

**2.** Even Fincher agrees that the order fails to "find or conclude whether or not either of these commitments is too indefinite" and states instead that this argument is "one inference which can be drawn." See, Fincher's Objection to Proposed Findings of Fact and Conclusions of Law, p. 12 ¶ 34.

Colony argue that Fincher is responsible for the delay of this case and therefore cannot be sincere in arguing that considerations of judicial economy favor withdrawal of the case.

Based on the court's ruling on One-Eighty and Colony's motion to strike, Fincher's contention that the court will have the best working knowledge of the case after reviewing the objections must be rejected. Since Fincher's objections were stricken the court has not had the opportunity to review the merits of its case and therefore considerations of judicial economy do not favor withdrawing the matter from the bankruptcy court on that basis.

Moreover, the best response to Fincher's contention that the district court has more time to consider the matter than the bankruptcy court is to point to the two-year delay in ruling on its motion to withdraw reference. Whether the judges in this district are as busy as the bankruptcy judges in this district is pure speculation.[3]

Accordingly, Fincher has not shown cause to withdraw this matter from the bankruptcy court. Refusing to withdraw reference of this matter will comport with Congress' intent in enacting Section 157(c)(1) by promoting uniformity in bankruptcy administration. The court trusts that the bankruptcy judge will consider the delays in the case and will work with the parties toward bringing about a speedy resolution of the matter. Fincher's motion to withdraw reference of the matter is hereby denied.

IT IS SO ORDERED.

---

**3.** To the extent that the two-year delay may have been due to the fact that the motion "slipped through the cracks" and not due to the district court docket, this fact does not help Fincher. Under such circumstances the court cannot condone Fincher's conduct in remaining idle throughout the two-year period. It should have moved for a ruling or otherwise brought the matter to the attention of the court. Based on its failure to do so the court must question Fincher's sincerity in requesting the withdrawal of this matter based on considerations of judicial economy.