**In re RAMEX INTERNATIONAL, INC.**

**Francis J. SULLIVAN**

v.

**MARYLAND CASUALTY COMPANY.**

**Bankruptcy No. 88–20542T.**
**Adv. No. 88–0561.**
**Misc. No. 88–360.**

United States District Court,
E.D. Pennsylvania.

Sept. 29, 1988.

---

**314**

Michael H. Kaliner, Jackson & Sullivan, Fairless Hills, Bucks County, Pa., for plaintiff.

Eric Weiss, Liebert, Short, Fitzpatrick & Hirshland, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

From 1984 through 1987 debtor Ramex International, Inc. ("Ramex") constructed approximately fifty-three single family homes in the Regency Hill Development in Philadelphia. These homes were sold to individual buyers. In 1987, debtor began receiving citations for alleged violations of the Philadelphia Building Code in a number of the Regency Hill homes. As a result of these violations, several groups of homeowners filed lawsuits against the debtor in the Court of Common Pleas for Philadelphia County.

In April, 1984, debtor filed for protection under Chapter 7 of Title 11 of the United States Bankruptcy Code. Pursuant to 11 U.S.C. § 362(a), the continuation of judicial proceedings against the debtor, including the homeowner suits in the Court of Common Pleas, were stayed. On May 3, 1988, plaintiff and trustee in bankruptcy Francis Sullivan ("trustee") filed a Complaint for Declaratory Judgment against defendant Maryland Casualty Company ("MCC") which Complaint was automatically referred to the United States Bankruptcy Court for the Eastern District of Pennsylvania. Trustee asserts that under certain primary and excess policies of insurance issued by MCC to debtor, coverage for the "property damage" allegedly caused by the aforementioned building code violations exists and that the proceeds of the policies should be made available to correct the violations. Trustee seeks a determination as to whether MCC's policies would provide coverage for any verdict that may ultimately be entered against the debtor in the judicial proceedings in the Court of Common Pleas. By Order dated June 27, 1988, the United States Bankruptcy Court modified the automatic stay to permit the homeowners to continue their litigation against debtor for the purpose of liquidating their claims.

Defendant MCC, after filing a demand for a jury trial in the adversary proceeding, has filed, pursuant to 28 U.S.C. § 157(d), a motion for withdrawl of proceedings from

the Bankruptcy Court. For the reasons stated below, this Court will deny defendant's motion for withdrawl of proceedings.

## I.

Jurisdiction in this Court is predicated on 28 U.S.C. § 1334. However, pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, all bankruptcy cases and all proceedings arising thereunder are automatically referred to the bankruptcy judge for the district. 28 U.S.C. § 157(a); *see also Raff v. Gordon,* 58 B.R. 988, 991 n. 5 (E.D.Pa.1986); *In re George Woloch Co., Inc.,* 49 B.R. 68, 69 (E.D.Pa.1985). The same statute, however, provides that "the district court may withdraw, in whole or in part, any case or proceeding referred (to the Bankruptcy Court) for cause shown." 28 U.S.C. § 157(d). While there is a presumption that bankruptcy proceedings should be adjudicated in the bankruptcy courts, the presumption may be overcome by "an overriding interest based on a finding by the Court that the withdrawal of reference is essential to preserve a higher interest than that recognized by Congress." *In re DeLorean Motor Co.,* 49 B.R. 900, 912 (Bankr.E.D.Mich.1985). Among the factors to be considered in determining whether cause exists to withdraw reference are judicial economy, convenience, and a particular court's knowledge of the facts. *Matter of Dunes Casino Hotel,* 63 B.R. 939, 950 (D.N.J.1986); *Boatman v. C.V. Industries, Inc.,* 51 B.R. 574, 577 (D.Conn.1985); *Matter of Deward Prisig Farms, Inc.,* 47 B.R. 376, 378 (D.Minn.1984).

## II.

The first step in our analysis requires us to classify trustee's adversary proceeding for declaratory judgment as either a "core proceeding" or a "related non-core proceeding". The distinction is significant in that bankruptcy judges have the power to determine all core proceedings and to enter appropriate orders and judgments, *see* 28 U.S.C. § 157(b)(1), but are precluded from entering a final order to resolve a related non-core proceeding. 28 U.S.C. § 157(c)(2).

Instead, the bankruptcy court is limited to submitting proposed findings of fact and conclusions of law to the district court for its consideration. 28 U.S.C. § 157(c)(1).

The United States Court of Appeals for the Fifth Circuit, in *Matter of Wood,* articulated the distinction between core and non-core proceedings:

If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding ... If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding ... If the proceeding does not involve a substantive right created by the federal bankruptcy law, and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an otherwise related or non-core proceeding.

825 F.2d 90, 97 (5th Cir.1987). Thus, "proceedings which involve a cause of action created solely by state law, brought by or on behalf of the debtor, and which does not otherwise fall within the provisions of 28 U.S.C. § 157(b)(2)(B)–(N), are non-core matters." *In re Athos Steel and Aluminum, Inc.,* 71 B.R. 525, 534 (Bankr.E.D.Pa.1987); *accord Windsor Communications Group, Inc. v. Grant,* 75 B.R. 713, 721 (E.D.Pa. 1985); *In re Castlerock Properties,* 781 F.2d 159, 162 (9th Cir.1986); *Matter of Baldwin–United Corp.,* 52 B.R. 541, 546–48 (Bankr.S.D.Ohio 1985).

It is clear and this Court finds that trustee's cause of action for a declaratory judgment under a policy of insurance issued pre-petition to the debtor is not a core proceeding under 28 U.S.C. § 157(b)(2). Indeed, the proceeding does not involve a substantive right created by the federal bankruptcy law and could have been brought independent of the bankruptcy proceeding and determined according to state law. *See Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 92, 102 S.Ct. 2858, 2882, 73 L.Ed.2d 598 (1982). Only to the extent that a recovery is obtained by trustee does this action affect the debtor's estate. Accordingly, because this is a related non-core

proceeding, the bankruptcy court is not empowered to enter a final order in the proceeding.

### III.

■ As previously stated, defendant MCC has filed a demand for a jury trial in the adversary proceeding. We note first that nothing in the Constitution forbids an Article I federal court (such as bankruptcy) from conducting a jury trial. *See Pernell v. Southland Realty Co.,* 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974). Indeed, pursuant to rule 9015 of the Rules of Bankruptcy Procedure, the bankruptcy court is empowered to conduct jury trials. *See In re Lombard–Wall, Inc.,* 48 B.R. 986, 992 n. 7 (S.D.N.Y.1985); *In re Gibbons Construction, Inc.,* 46 B.R. 193 (D.Ky.1984); *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985). However, a jury trial in a bankruptcy court concerning a related non-core proceeding would be impractical and judicially inefficient inasmuch as the jury verdict and resulting judgment would be only advisory in nature and subject to de novo review by the district court. The required de novo review would mandate a second jury trial in the district court if either party objected. Such a cumbersome, time consuming process requiring two jury trials would hardly further the expeditious determination of bankruptcy matters. *See Mohawk Industries, Inc. v. Robinson Industries, Inc.,* 46 B.R. 464, 466 (D.Mass. 1985).

Judicial economy is served, therefore, by withdrawing reference to the bankruptcy court of related non-core proceedings in which a jury trial will be required. *See In re Globe Parcel Service, Inc.,* 75 B.R. 381 (E.D.Pa.1987); *In re Northern Design, Inc.,* 53 B.R. 25 (Bankr.D.Vt.1985). Thus, in each instance where there appeared a substantial likelihood that the bankruptcy court would be required to hold a jury trial on a related non-core proceeding, the matter was withdrawn to the district court. *See e.g., Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985) (punitive damages in alleged fraud case); *Mohawk Industries, Inc. v. Robinson Industries, Inc.,* 46 B.R. 464 (D.Mass.1985)

(breach of express and implied warranties); *In re Morse Electric Co., Inc.,* 47 B.R. 234 (Bankr.N.D.Ind.1985) (bad faith injury to business and negligence); *In re Bokum Resource Co.,* 49 B.R. 854 (Bankr.D.N.M. 1985) (tortious interference with contract); *In re Lombard Wall, Inc.,* 48 B.R. 986 (S.D.N.Y.1985) (fraud, conversion, misrepresentation); *In re Globe Parcel Service, Inc.,* 75 B.R. 381 (E.D.Pa.1987) (negligence, breach of contract, and breach of fiduciary duty).

### IV.

■ Based upon the aforementioned analysis, this Court would withdraw the adversary proceeding if it appeared that the bankruptcy court would be required to conduct a jury trial. However, notwithstanding MCC's demand for a jury trial, it is clear that the adversary proceeding, a declaratory judgment action seeking determination of the coverage afforded under MCC's insurance policies, will not require the bankruptcy court to conduct a jury trial. In essence, the adversary proceeding is limited to the single issue of an interpretation of the insurance policies in question. Neither party has identified and the record is bereft of any indication that there are genuine issues of material fact concerning the related, non-core proceeding.

It is well established that "the interpretation of an insurance policy when the facts are not in dispute is a question of law for the court." *Contrans, Inc. v. Ryder Truck Rental, Inc.,* 836 F.2d 163, 166 (3d Cir.1987); *Pacific Indemnity Co. v. Linn,* 766 F.2d 754, 760 (3d Cir.1985); *Young by Young v. Equitable Life Assurance Society,* 350 Pa.Super. 247, 504 A.2d 339, 341 (1986). Thus, the adversary proceeding will surely be resolved in the bankruptcy court without the need of a jury trial. Thus, judicial economy, the justification advanced by MCC in support of its motion to withdraw, will not be served by withdrawing the reference to the bankruptcy court. Indeed, this Court concludes that, pursuant to 28 U.S.C. § 157(d), no cause exists for the withdrawl of reference to the bankruptcy court.

For the reasons stated, this Court will deny defendant MCC's Motion for Withdrawl of Proceedings from the Bankruptcy Court.