**HATZEL & BUEHLER, INC., Plaintiff,**

v.

**CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Defendant.**

**Civ. A. No. 89–194–JRR.**

United States District Court,
D. Delaware.

Nov. 3, 1989.

**368**

Laura Davis Jones, of Young, Conaway, Stargatt, & Taylor, Wilmington, Del., for

debtor and debtor-in-possession, Hatzel & Buehler, Inc.

Peter J. Walsh, of Bayard, Handelman & Murdoch, Wilmington, Del. (Robert E. Pedersen, and Patricia M. Fruehling, of Gould & Wilkie, New York City, of counsel), for Central Hudson Gas & Elec. Corp.

## OPINION

ROTH, District Judge.

This is an adversary proceeding in bankruptcy. Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(d). Defendant has moved to withdraw reference of this adversary proceeding from the bankruptcy court. For the reasons stated below, the Court concludes that the defendant has not shown sufficient "cause" to merit withdrawal in this case. Alternatively, defendant's motion is premature, because the bankruptcy court has not yet determined whether this is a "core" or a "non-core" proceeding. Defendant's motion will be denied.

## FACTS

On October 26, 1987 Hatzel & Buehler, Inc. ("H & B") filed a petition for reorganization under Chapter 11 of title 11, United States Code ("the Bankruptcy Code"), in the United States District Court for the District of Delaware. H & B is a New York corporation that does electrical contracting work. The case presently before the Court is an adversary proceeding commenced by H & B on November 17, 1988, against Central Hudson Gas and Electric Corp. ("Central Hudson"). In this adversary proceeding H & B alleges state law breach of contract claims against Central Hudson. H & B claims that Central Hudson did not pay for electrical work H & B did at a plant owned by Central Hudson. H & B's complaint alleges that the bankruptcy court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a), and that this is a core proceeding under 28 U.S.C. § 157(b). Central Hudson answered the complaint by denying that the bankruptcy court has subject matter jurisdiction, denying that this is a core proceeding, and counterclaiming

against H & B under the contract. Neither party has asked the bankruptcy judge to determine whether this is a core proceeding as they are permitted to do under 28 U.S.C. § 157(b)(3). Central Hudson moves the Court for an order withdrawing the reference of this proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d).

## DISCUSSION

The Bankruptcy Reform Act of 1978 granted bankruptcy courts "original but not exclusive" jurisdiction over three types of cases: (1) cases arising under title 11; (2) proceedings arising under title 11; and (3) proceedings related to cases under title 11. 28 U.S.C. § 1471(a), (b) (repealed). This jurisdictional grant was intended to expand the jurisdiction of bankruptcy courts without offending the Constitution. *See One–Eighty Investments, Ltd. v. First Int'l Bank of San Antonio, N.A. (In re One–Eighty Investments, Ltd.)*, 72 B.R. 35, 35–36 (N.D.Ill.1987). However, in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 84–87, 102 S.Ct. 2858, 2878–2880, 73 L.Ed.2d 598 (1981), the Supreme Court held that this jurisdictional grant was unconstitutional because, insofar as the "related to" jurisdiction allowed bankruptcy courts to determine purely state law created claims, it conveyed the essential attributes of Article III judicial power to bankruptcy judges, without the concomitant protections of lifetime tenure and guaranteed salary.

■ Congress sought to remedy this problem by enacting a revised jurisdictional scheme in 1984, now codified at 28 U.S.C. sections 157 and 1334. The new jurisdictional scheme mentions four types of cases: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. 28 U.S.C. § 157(a). Section 157(a) authorizes the district courts to refer all four types of cases to the bankruptcy judges for the district.[1] However the bankruptcy court's jurisdiction to hear and make a final determination is limited to "core" proceedings arising under title 11 or arising in a case under title 11. 28 U.S.C. § 157(b). With respect to "non-core" proceedings, the bankruptcy court may hear and submit proposed findings of fact and conclusions of law to the district court, but cannot make a final determination. The district court enters a final order or judgment in non-core proceedings after reviewing *de novo* matters that are objected to by either party. 28 U.S.C. § 157(c)(1).

■ The procedure of *de novo* review in non-core proceedings is intended to bring the grant of jurisdiction to the bankruptcy courts into compliance with *Marathon* by requiring the district court to exercise final adjudicative authority when state law created claims are at issue. In non-core proceedings, which include proceedings "related to" a case under title 11, the bankruptcy court serves much the same function as a United States Magistrate; in fact the *de novo* review procedure of section 157(c)(1) is modeled on the United States Magistrates Act, 28 U.S.C. § 636(b)(1), which was held constitutional in *United States v. Raddatz*, 447 U.S. 667, 683–84, 100 S.Ct. 2406, 2416–17, 65 L.Ed.2d 424 (1980) (cited with approval in *Marathon*, 458 U.S. at 79, 102 S.Ct. at 2875).

### A. *Central Hudson's Motion Is Premature*

■ Obviously, whether a proceeding is deemed to be "core" or "non-core" is crucial to bankruptcy litigants because the bankruptcy court's proposed findings in a non-core proceeding will be subject to *de novo* review by the district court, whereas the bankruptcy court makes a final determination in core proceedings. In this case, the parties have expended a great deal of effort attempting to convince the Court that the instant proceeding is either core or non-core on the assumption that non-core proceedings are more easily withdrawn than core proceedings. However, whether

---

1. This district entered an omnibus order on July 23, 1984, referring all bankruptcy cases to the bankruptcy court for the district of Delaware.

this proceeding is core or non-core is a determination which may appropriately be made, in the first instance, by the bankruptcy court, not the district court. Section 157(b)(3) provides:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under Title 11.

Neither party has asked the bankruptcy judge to determine whether this is a core or a non-core proceeding.

Central Hudson's sole argument in favor of its motion for withdrawal of reference is that this is a non-core proceeding. According to Central Hudson, if a proceeding is non-core, then there is "cause" to withdraw the reference to the bankruptcy court. However, even if "cause" for withdrawal exists in all non-core proceedings, Central Hudson must look first to the bankruptcy court to make this determination. Otherwise section 157(b)(3) would be circumvented. *See Pied Piper Casuals, Inc. v. Insurance Co. of the State of Pennsylvania* (In re *Pied Piper Casuals, Inc.*), 48 B.R. 294, 294–95 (S.D.N.Y.1985) (When the sole reason stated in favor of withdrawal is the non-core status of a proceeding, the bankruptcy court must make the determination.). Moreover, it is doubtful whether Central Hudson's premise that cause exists in all non-core proceedings is correct. *See, e.g., In re Ramex International, Inc.,* 91 B.R. 313 (E.D.Pa.1988).

### B. Central Hudson Has Not Shown Cause for Withdrawal

■ 28 U.S.C. section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party,

for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Thus, there are two types of withdrawal under section 157(d): discretionary withdrawal "for cause shown," and mandatory withdrawal where United States laws other than title 11 are at issue. The parties agree that this case falls into the "discretionary" withdrawal category provided for in the first sentence of section 157(d).[2] Therefore, it is up to the movant to show cause why the case should be withdrawn from the bankruptcy court. Central Hudson has failed to make a showing of cause.

■ Section 157(d) does not explain what is meant by "for cause shown." Central Hudson argues that there is cause for withdrawal in this case because this is a non-core proceeding. H & B disputes that this is a non-core proceeding. These arguments are not entirely apposite to the pending motion to withdraw, because whether a proceeding is labelled "core" or "non-core" does not necessarily determine whether cause exists for withdrawal.

Although section 157(d) is a relatively new statute, there is an emerging consensus that the nature of a proceeding (i.e., core or non-core), is not sufficient cause for withdrawal. Research has disclosed only one case that found cause for withdrawal solely because the proceeding was non-core. *See Eastern Electric Sales Co. v. General Electric Co.,* 94 B.R. 348, 349 (E.D.Pa.1989). The *Eastern Electric* court did not cite any authority or give any reasons for its conclusion. Other courts have held that the nature of the proceeding is only one factor to be weighed in determin-

---

**2.** The Court notes the recent decision in *Hatzel & Buehler v. Orange and Rockland Utilities, Inc.,* 107 B.R. 34 (D.Del. 1989), in which the court ordered withdrawal under section 157(d). That case required the court to interpret the Occupational Safety and Health Act and E.P.A. regulations, and the court's decision to withdraw the reference to the bankruptcy court was based in part on the "mandatory" withdrawal provided for in the second sentence of section 157(d). *See Id.,* at 39. By contrast, this case involves solely issues of state law and this Court's decision is based entirely on the "discretionary" withdrawal provided for in the first sentence of section 157(d).

ing whether to withdraw reference. *See, e.g., Acolyte Electric Corp. v. City of New York,* 69 B.R. 155, 165–66 (Bankr.E.D.N.Y. 1986) (the nature of the proceeding and judicial economy are factors that can justify withdrawal for cause); *Judge v. Ridley & Schweigert (In re Leedy Mortgage Co., Inc.),* 62 B.R. 303, 306 (E.D.Pa.1986) (non-core status of proceeding is one factor in favor of withdrawal). Still other courts have suggested a number of factors to be considered, without mentioning the nature of the proceeding. *See Holland America Insurance Co. v. Succession of Roy,* 777 F.2d 992, 998–99 (5th Cir.1985); *One–Eighty Investments,* 72 B.R. at 37; *Wedtech Corp. v. Banco Popular De Puerto Rico (In re Wedtech Corp.),* 94 B.R. 293, 296–97 (S.D.N.Y.1988); *Allard v. Benjamin (In re DeLorean Motor Co.),* 49 B.R. 900, 912 (Bankr.E.D.Mich.1985).

In *Holland America,* the Fifth Circuit enumerated factors to be considered by the district court in determining whether to withdraw reference to the bankruptcy court. These factors include whether withdrawal would promote uniformity of bankruptcy administration; reduce forum shopping and confusion; conserve debtor and creditor resources; expedite the bankruptcy process; and whether the parties have requested a jury trial. *Accord Wedtech,* 94 B.R. at 297; *Levy v. Butler, Payne and Griffin (In re Landbank Equity Corp.),* 77 B.R. 44, 49 (E.D.Va.1987). These factors strike an appropriate balance between Congress' desire to promote judicial economy and the constitutional limitations pointed out in *Marathon.* Applied to the case at bar these factors counsel against removal. Uniformity of bankruptcy administration will be enhanced by trying this case in the bankruptcy court; forum shopping and confusion will be reduced; it is possible that debtor and creditor resources will be conserved in the bankruptcy court; the bankruptcy process will likely be expedited; and neither party has requested a jury trial.

Central Hudson's argument that cause exists because this is a non-core proceeding reads language into section 157(d) that is not there, making withdrawal non-discretionary when the proceeding is non-core. Congress demonstrated an ability to make withdrawal non-discretionary in the second sentence of section 157(d), and there is no reason to believe Congress could not have done the same with respect to non-core proceedings. *Cf.* 1 Collier on Bankruptcy ¶ 3.01[2][e] at p. 3–64 (15th ed 1989) ("By using the permissive 'may,' Congress has made it clear that withdrawal is discretionary."). Central Hudson's proposed interpretation of section 157(d) is also inconsistent with the rest of section 157. Congress gave the district courts power to refer both core and non-core proceedings to the bankruptcy court. In non-core proceedings the bankruptcy court is given the power to submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c). The bankruptcy court may also enter a final judgment in non-core proceedings when directed to do so by the district court and agreed to by the parties. 28 U.S.C. § 157(c)(2). The discretionary withdrawal provided for in section 157(d) should be read to harmonize with the explicit grants of authority contained elsewhere in section 157.

Proceedings should not be withdrawn for the sole reason that they are non-core. The "cause shown" requirement in section 157(d) creates a "presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." *DeLorean,* 49 B.R. at 912; *accord One–Eighty Investments,* 72 B.R. at 37. This observation makes sense in light of the fact that one of the functions of section 157(d) is to insulate the grant of jurisdiction to the bankruptcy courts from successful constitutional attack. *See* 1 Collier on Bankruptcy ¶ 3.01[2][e], at 3–62 (15th ed 1989). Presumably *Marathon* is satisfied if the district court exercises its power of *de novo* review in non-core proceedings. *See* 28 U.S.C. § 157(c)(1); *cf. Raddatz,* 447 U.S. at 683, 100 S.Ct. at 2416 (upholding Magistrates Act). This is not an appropriate case for discretionary withdrawal under section 157(d).

## CONCLUSION

Central Hudson's motion to withdraw the reference to the bankruptcy court will be denied. An appropriate Order will issue contemporaneously with this Opinion.