**In re NDEP CORPORATION,
f/k/a Prospect Industries
Corp., Debtor.**

**NDEP CORPORATION, Plaintiff,**

v.

**HANDL–IT, INC., an Ohio Corporation,
Defendant.**

**Bankruptcy No. 95–1257 (HSB).
Civil Action No. 96–270–LON.
Adversary No. 96–24.**

United States District Court,
D. Delaware.

Dec. 30, 1996.

Stephen W. Spence and Steven K. Kortanek of Phillips, Goldman & Spence, Wilmington, DE, for Plaintiff, NDEP Corporation.

Laura Davis Jones and S. David Peress of Young, Conaway, Stargatt & Taylor, Wilmington, DE, for Defendant, Handl–It, Inc.

## OPINION

LONGOBARDI, District Judge.

### I. FACTUAL BACKGROUND

This case arises out of the bankruptcy of NDEP Corporation ("NDEP"). NDEP petitioned for bankruptcy on October 11, 1995. On February 2, 1996, NDEP initiated this adversary proceeding by filing a complaint against Handl–It, Inc. ("Handl–It") in the United States Bankruptcy Court for the District of Delaware. The complaint alleges that Handl–It breached a supply contract by refusing to pay an outstanding balance of $68,758.67 plus interest. The outstanding balances became due under the supply contract between October 18, 1994 and April 7, 1995. NDEP also seeks to recover money damages from Handl–It under a theory of quantum meruit, arguing that it is entitled to the value of the goods that it provided.

Handl–It answered the complaint, denied liability; asserted several affirmative defenses, and demanded a trial by jury. Handl–It also filed five counterclaims. Handl–It alleged in its counterclaims that the goods described in the invoices were defective; that NDEP breached the agreement by failing to provide sales and marketing support; that NDEP breached its repurchase obligation; that NDEP negligently misrepresented its ability to provide ongoing sales and marketing support; and that NDEP owes Handl–It $2,864.00 in commissions on direct sales by NDEP to Handl–It's customers. Handl–It has not filed a proof of claim in the bankruptcy court.

On April 23, 1996, Handl–It moved to withdraw the reference from the bankruptcy court to the district court in accordance with 28 U.S.C. 157(d). That motion has been fully briefed and is ripe for decision.

### II. DISCUSSION

Federal district courts are permitted under the bankruptcy statutes to refer certain cases and proceedings involving or relating to bankruptcy matters to bankruptcy judges. 28 U.S.C. § 157(a). Pursuant to that authority, this district court has entered an omnibus order referring all bankruptcy cases to the Bankruptcy Court for the District of Delaware. The bankruptcy statutes provide a procedure whereby that reference can be withdrawn from the bankruptcy court by the district court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Handl–It has made a timely motion for withdrawal of the reference. Under 28 U.S.C. § 157(d), withdrawal is mandatory in some instances and permissive in others. If "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," then this court is required to grant the motion to withdraw the reference. 28 U.S.C. § 157(d). Handl–It does not contend that this case meets the requirements for mandatory withdrawal. Handl–It does argue, however, that permissive withdrawal is appropriate. Under the permissive withdrawal standard, this Court may withdraw the reference of the adversary proceeding "for cause shown."

The burden to establish "cause" is on Handl–It as the movant. *Ponce Marine Farm, Inc. v. Browner (In re Ponce Marine Farm)*, 172 B.R. 722, 724 (D.Puerto Rico 1994). The statute does not explain what "cause" means. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990); *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.*, 106 B.R. 367, 370 (D.Del.1989). The Third Circuit has explained that one court of appeals listed the following considerations: "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d at 1168. The Third Circuit held in *Pruitt* that "even under these minimal standards,

cause was lacking" to grant the motion to withdraw the reference. *Id.* The factors listed in *Pruitt* were not designed to be exhaustive; they are only "minimal standards."

The Second Circuit has listed a number of other factors, stressing that the initial determination should be whether the claim is a core bankruptcy proceeding or whether it is non-core. *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994); *see also, Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.,* 107 B.R. 34, 39 (D.Del.1989) (relevant considerations include "the nature of the proceeding (*i.e.,* core or non-core proceeding) and judicial economy"); *Sullivan v. Maryland Cas. Co. (In re Ramex Int'l, Inc.),* 91 B.R. 313, 315 (E.D.Pa. 1988) (first step in analysis is to classify adversary proceeding as core or non-core). The Second Circuit explained that it is upon the issue of coreness "that questions of efficiency and uniformity will turn." *Id.* In non-core matters, the bankruptcy court's determination of the merits of the proceeding is subject to *de novo* review by the district court. *Id.* Consequently, reasoned the Second Circuit, district courts might reasonably conclude "that in a given case unnecessary costs could be avoided by a single proceeding in the district court." *Id.* Indeed, the hypothetical advanced by the Second Circuit mirrors the reasoning of this Court in *Hatzel & Buehler, Inc. v. Orange & Rockland Utils.,* 107 B.R. 34, 39–40 (D.Del.1989). In that case, this Court found that the adversary proceeding initiated by the debtor which al-

leged state contract and tort claims constituted a non-core proceeding. *Id.* at 39. Then, this Court found that judicial economy favored permissive withdrawal because if it were denied, the district court would still need to review the merits of the dispute when considering the bankruptcy court's proposed findings of fact and conclusions of law. *Id.* at 40. Consequently, this Court withdrew the reference. *Id.*

In an Order dated May 21, 1996, the bankruptcy court determined that the current adversary proceeding is non-core. No party has disputed or appealed that finding, and this court agrees with the bankruptcy court that this adversary proceeding is non-core. *See Hatzel & Buehler, Inc. v. Orange & Rockland Utils.,* 107 B.R. 34, 39 (D.Del.1989) (state contract and tort claims that exist independent of bankruptcy law are non-core proceedings).[1]

Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is "whether the parties have requested a jury trial." *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.,* 106 B.R. 367, 371 (D.Del.1989). This factor is important, because absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in this non-core proceeding. 28 U.S.C. § 157(e).[2] In its answer, Handl–It requested a trial by jury. There is no real question that, by the nature of the claims against it, Handl–It has a constitutional right to a jury trial. The Seventh Amendment provides: "In Suits at

---

1. Because the Bankruptcy Court has decided that this adversary proceeding is a non-core matter, this Court need not decide whether the Bankruptcy Court *must* make a determination on coreness prior to a district court's consideration of a motion to withdraw the reference. *Cf. Mellon v. Delaware & Hudson Ry. Co. (Matter of Delaware & Hudson Ry. Co.),* 122 B.R. 887 (D.Del.1991) (concluding that "28 U.S.C. § 157(b)(3) requires the bankruptcy judge to determine whether a proceeding is core or non-core" and that "before a withdrawal of reference motion is presented to the District Court, the bankruptcy judge must make the determination of whether proceedings are core or non-core," but deciding in the absence of a decision by the bankruptcy court judge that "the Court will in this case resolve the core/non-core issue.")

2. The full text of 28 U.S.C. § 157(e) is as follows:

If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties. The Third Circuit has held, based on the Seventh Amendment, that "a bankruptcy court cannot conduct a jury trial in a non-core proceeding." *Beard v. Braunstein,* 914 F.2d 434, 443 (3d Cir.1990). Section 157(e) was enacted after the Third Circuit's decision. This Court has no occasion to address whether 28 U.S.C. § 157(e) is constitutional when applied to non-core proceedings.

common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989), the Supreme Court explained that "Suits at common law" referred to those controversies in which legal rights were to be determined, as distinguished from those cases in which " 'equitable rights alone were recognized, and equitable remedies were administered.' " *Id.* (quoting *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830)). The Seventh Amendment requires a jury trial "only if a cause of action is legal in nature and it involves a matter of 'private right.' " *Id.* at 42 n. 4, 109 S.Ct. at 2790 n. 4. The present case, as a contract and tort action for money damages, is clearly legal in nature and involves a matter of private right.

■ NDEP contends, however, that Handl–It has waived its right to a jury and has consented to bankruptcy court jurisdiction by filing counterclaims that are not compulsory under the standards enunciated in Fed.R.Bankr.P. 7013. Rule 7013 provides in relevant part:

> Rule 13 F.R.Civ.P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief.

Thus, Rule 7013 makes Fed.R.Civ.P. 13 generally applicable in adversary proceedings, but carves out an exception. Fed.R.Civ.P. 13(a) relates to compulsory counterclaims:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

The parties concur that if Fed.R.Civ.P. 13(a) were applicable to this dispute, then the counterclaims brought by Handl–It would be compulsory.

■ Under Bankruptcy Rule 7013, however, when a debtor brings an adversary proceeding against a party, that party need not assert a counterclaim against the debtor even if it would have been compulsory under Fed. R.Civ.P. 13(a) "unless the claim arose after the entry of an order for relief." Courts have nearly uniformly interpreted Rule 7013 to mean that a counterclaim asserted in an adversary proceeding by a party sued by a trustee or debtor in possession is not compulsory if the claim arose prepetition and is compulsory if the claim arose postpetition. *See Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1249 n. 10 (3d Cir.1994) ("under Bankruptcy Rule 7013, it is compulsory for a party sued by the trustee to bring any counterclaims that arose post-petition"), *cert. denied,* —— U.S. ——, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994); *Liona Corp. v. PCH Assocs. (In re PCH Assocs.)*, 949 F.2d 585, 594 (2d Cir.1991) (because claim arose prior to the initiation of the bankruptcy proceedings compulsory counterclaim rule was inoperative); *Peachtree Lane Assocs., Ltd. v. Granader*, 175 B.R. 232, 237 n. 7 (N.D.Ill. 1994) ("insofar as some of the counterclaims are plainly pre-petition they are not compulsory under Bankruptcy Rule 7013"); *Rushton v. Philadelphia Forest Prods. (In re Americana Expressways, Inc.)*, 161 B.R. 707, 714 n. 12 (D.Utah 1993) (because counterclaim arose prepetition it is permissive); *Zinke v. United States Dep't of the Treasury (In re Zinke)*, 1991 WL 107815, at * 4 (E.D.N.Y. May 31, 1991) ("the only counterclaims which must be asserted by a defendant in a proceeding commenced by the debtor are those arising postpetition"); *Bayless v. Crabtree*, 108 B.R. 299, 305 (W.D.Okla. 1989) (entry of order for relief coincides with filing of petition in bankruptcy so counterclaim is not compulsory when transfer of property giving rise to the claim antedated the filing of the petition), *aff'd,* 930 F.2d 32 (10th Cir.1991); *In re Merritt Logan, Inc.*, 109 B.R. 140, 143 (Bankr.E.D.Pa.1990) ("the only counterclaims which must be asserted by a creditor/defendant sued by the trustee or debtor in possession are those arising postpetition"); *In re International Endoscope Mfrs., Inc.*, 79 B.R. 620, 622 (Bankr. E.D.Pa.1987) (Rule 13(a) does not apply to

counterclaims that could be asserted as pre-petition claims); *In re Earl Roggenbuck Farms, Inc.,* 51 B.R. 913, 923 (Bankr. E.D.Mich.1985) ("this section transforms a pre-petition, compulsory counterclaim into a permissive counterclaim"); *but see, Matter of Peter J. Schmitt Co.,* 150 B.R. 556, 559 n. 1 (Bankr.D.Del.1993) ("Schmitt asserts that a counterclaim is permissive if it arises prepetition. This standard is plainly wrong.").

The counterclaims asserted by Handl–It are permissive. Handl–It was sued by a trustee or debtor in possession. Therefore, according to Bankruptcy Rule 7013, Handl–It was not required to state as a counterclaim any claim that it had against the debtor, the debtor's property, or the estate, unless that claim arose postpetition. NDEP filed its petition for bankruptcy on October 11, 1995. Handl–It's debts on the supply contract became due between October 18, 1994 and April 7, 1995. It appears that Handl–It's counterclaims also arose during that period. Certainly, the claims that the goods described in the invoices were defective and that NDEP negligently misrepresented its ability to provide ongoing sales and marketing support both arose prepetition. In any event, NDEP has admitted in its brief that "the causes of actions [sic] asserted by both parties existed *prior* to the Debtor filing its petition...." (D.I. 2 at 8). Hence, the counterclaims arose prepetition and are therefore permissive.

The question is whether by asserting its counterclaims, which are permissive under Bankruptcy Rule 7013, Handl–It waived its right to a trial by jury or submitted to the equitable jurisdiction of the bankruptcy court. The Third Circuit has identified two theories whereby courts have divested parties of their right to a jury in the bankruptcy context. *See Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1250–1253 (3d Cir.1993). The first is a "waiver theory." Under the waiver theory, a party can lose its Seventh Amendment right to a jury by voluntarily submitting to the jurisdiction of the bankruptcy court through the filing of a petition or claim in the bankruptcy court. *Id.* at 1250. The second theory is a "conversion theory." According to that theory, when a claim invokes "the process of allowance and disallowance of claims," the claim is converted from a legal dispute over money into an equitable dispute over a share of the estate. *Id.* at 1253.

The Third Circuit's decision in *Beard v. Braunstein,* 914 F.2d 434, 441–42 (3d Cir. 1990), focused on the waiver theory. The question in *Beard* was whether a party consented to the jurisdiction of the bankruptcy court by filing a counterclaim, thereby waiving any right to a jury trial. The Third Circuit found that the defendant had not waived its objections to the jurisdiction of the bankruptcy court by filing the counterclaim. *Id.* at 442. In reaching its decision, the Court of Appeals distinguished *Baldwin–United Corp. v. Thompson,* 48 B.R. 49 (Bankr.S.D.Ohio 1985), on several grounds. One of those grounds was that the counterclaim in *Baldwin–United* was permissive, while Braunstein's counterclaim was compulsory.[3] *Id.* Importantly, the Court of Appeals did not hold that a defendant sued by a debtor or trustee waives its objections to jurisdiction or its right to a jury trial when the defendant asserts a permissive counterclaim.[4]

---

**3.** Other grounds were that *Baldwin–United* involved a core proceeding and that in *Baldwin–United* the creditor had filed a proof of claim. *Billing,* 22 F.3d at 1249–50 (interpreting *Beard*).

**4.** The general rule is that a party waives objections to venue and personal jurisdiction if the party asserts a permissive counterclaim:

Unlike the situation of a party who is compelled to assert a counterclaim under Rule 13(a), a party bringing a claim under Rule 13(b) is actually indicating a desire to use the forum for his own objectives. Thus, by interposing a claim for relief defendant has waived the right to object to the venue of the action or to the court's jurisdiction over him. Stated briefly, this result follows logically from the notion that a party who invokes the power of the court in order to assert a claim against a particular person should not be able to object simultaneously to the inconvenience of that forum for purposes of defending against a claim by that same party.

6 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1424.

This general rule does not, however, compel the conclusion that a party waives its right to a jury trial or submits to the jurisdiction of a bankruptcy court by bringing a counterclaim that is permissive under the bankruptcy rules but that

Less than two months after *Beard,* the Supreme Court shifted the focus of the inquiry from the waiver theory to the conversion theory. *See Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). *Langenkamp* rested on the proposition that a party who files a proof of claim against the bankruptcy estate "triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990) (quoting *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58, 109 S.Ct. 2782, 2799, 106 L.Ed.2d 26 (1989)); *see also, Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1249 (3d Cir.1994) ("*Langenkamp* seems to formulate a bright-line rule, holding that creditors who file proofs of claim against the estate are not entitled to a jury trial on matters affecting the allowance of those claims").

In a decision reached shortly after *Langenkamp,* the Third Circuit relied primarily on the conversion theory but also employed the language of waiver. In *Travellers Int'l AG. v. Robinson,* 982 F.2d 96, 98 (3d Cir. 1992), *cert. denied,* 507 U.S. 1051, 113 S.Ct. 1946, 123 L.Ed.2d 651 (1993), the Third Circuit held that "by submitting a proof of claim to the debtor's estate, Travellers effectively waived its right to a jury trial and submitted itself to the equitable jurisdiction of the bankruptcy court." *Travellers* was a fairly straight-forward application of *Langenkamp.* The Third Circuit held that "the equitable jurisdiction of the bankruptcy court is exclusive when its jurisdiction has been invoked by the filing of a claim." *Id.* at 100.

The Third Circuit has expressed some preference for the "conversion" theory over the "waiver" theory in the context of a debtor's right to a trial by jury. *See Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1253 n. 20.[5] The Third Circuit explained that "[t]he reason a creditor loses its jury right by filing a proof of claim is because its action not only voluntarily submits it to the jurisdiction of the bankruptcy court but also triggers the claims-allowance process, as described in *Katchen* [*v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) ]." *Billing,* 22 F.3d at 1251.

*Granfinanciera, Langenkamp, Travellers* and *Billing* do not specifically address the situation in which a debtor or trustee sues a party who has not filed a proof of claim and who then files counterclaims against the debtor along with a jury demand. *Beard* does address that situation, but relies partially upon the compulsory nature of the counterclaims asserted by the defendant.

District and bankruptcy courts have disagreed about whether parties who assert counterclaims against a debtor in bankruptcy court, but who have not filed proofs of claim, waive their Seventh Amendment rights to a jury trials. Some courts have found that the filing of a counterclaim, whether it be permissive or compulsory, constitutes a "claim" against the estate which submits the party making the claim to the equitable jurisdiction of the bankruptcy court and which divests the party of its right to a trial by jury. *E.g., Peachtree Lane Assocs., Ltd. v. Granader,* 175 B.R. 232, 236 (N.D.Ill.1994) (collecting cases); *In re Americana Expressways, Inc.,* 161 B.R. 707, 713–14 (D.Utah 1993). At least as this reasoning applies to compulsory coun-

would have been compulsory under the Federal Rules of Civil Procedure. By statute, the bankruptcy rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. The right to trial by jury is a substantive right. To the extent that Bankruptcy Rule 7013 divests Handl–It of its Seventh Amendment right to a jury trial by making its counterclaims permissive, Bankruptcy Rule 7013 should not be followed. *See Data Compass Corp. v. Datafast, Inc. (In re Data Compass Corp.),* 92 B.R. 575, 578 (Bankr. E.D.N.Y.1988). Handl–It's counterclaims would be considered compulsory under Fed.R.Civ.P. 13(a) and would fall within the rule announced in *Beard.*

5. Indeed, *Granfinanciera* itself seemed to prefer the conversion theory to the waiver argument. *See Granfinanciera,* 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14. The Court stated that when creditors file proofs of claim in bankruptcy they "subject themselves to the court's equitable power to disallow those claims." *Id.* The Court pointed out that this theory differed from the theory of waiver on which the court relied in *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). *Id.*

terclaims, it must be rejected as inconsistent with *Beard v. Braunstein,* 914 F.2d 434, 441–42 (3d Cir.1990). Because those decisions reject as immaterial the distinction between compulsory and permissive counterclaims, this Court will not distinguish *Beard* on that basis. *See, e.g., Peachtree,* 175 B.R. at 237.

Other courts have found that the filing of a counterclaim against the estate is not the equivalent of filing a proof of claim. *See, e.g., Busch–Provo, Ltd. v. Sloan (In re Larsen),* 172 B.R. 988, 993 (D.Utah 1993). The court in *Larsen* explained that when a proof of claim is filed, the process of allowance and disallowance of claims is triggered. *Id.* at 992 (citing *Langenkamp,* 498 U.S. at 44, 111 S.Ct. at 331). On the contrary, when the trustee or debtor files an action and there is a timely jury demand along with the assertion of counterclaims, then those counterclaims are part of "the jury trial process" rather than the process of allowance and disallowance of claims. *Id.* at 993. As a consequence, the right to a jury is not waived. *Id.* Another court reasoned that allowing the assertion of a counterclaim to act as a waiver "would be to condone jurisdiction by ambush." *J.T. Moran Fin. Corp. v. American Consol. Fin. Corp. (In re J.T. Moran Fin. Corp.),* 124 B.R. 931, 940 (S.D.N.Y.1991).

■ The Court of Appeals for the Third Circuit explained in a footnote in *Billing* that it is not enough to ask whether the party asserting the right to trial by jury has "voluntarily submitted itself to the bankruptcy court's equitable jurisdiction.... A court must also ask whether the resolution of the particular dispute at issue is necessarily part of the process of the disallowance and allowance of claims." *Billing,* 22 F.3d at 1252 n. 14. The Supreme Court has stated that "legal claims are not magically converted into equitable issues by their presentation to a court of equity." *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Consequently, this Court must analyze whether the resolution of the adversary proceeding is part of the claims resolution process.

In the present case, there has been no action, such as the filing of a proof of claim, that would bring this dispute within the equitable claims resolution process of the bankruptcy court.[6] *See Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323, 1327 (2d Cir.1993) ("the filing of a proof of claim is a *necessary* condition" for the claims allowance process to begin, but "it is not a *sufficient* condition"). The resolution of this adversary proceeding will not involve any decision regarding the distribution of the bankruptcy estate. Handl–It does not ask for the allowance of a claim in bankruptcy and seeks no relief under the bankruptcy code. Handl–It's counterclaims do not affect the ordering of creditors or the equitable distribution of the res of the estate.

To the extent that the waiver theory retains any vitality, this Court finds that doctrine inapplicable to this case. More specifically, this Court finds that a party who is sued by a debtor in an adversary proceeding does not waive its right to a jury trial or its right to object to jurisdiction and venue when it brings counterclaims that arise out the same transaction or occurrence as the underlying claims but which, due to the operation of Bankruptcy Rule 7013, are permissive. Bankruptcy Rule 7013 states that a party "need not" bring a counterclaim that would ordinarily be considered compulsory under Fed.R.Civ.P. 13(a) when the party is sued by a debtor or trustee and when the claim arose prepetition. The rule does not state that a party *should* not bring the claim or that bringing the claim will result in the waiver of a Seventh Amendment right to a trial by jury. Indeed, resolving all claims arising out of the same transaction or occurrence in one proceeding furthers the efficient administration of justice, and parties like Handl–It should not be discouraged from bringing such counterclaims.

■ Moreover, courts should not be eager to embrace an implied waiver of constitution-

---

6. This Court will not address the effect of Handl–It's failure to file a proof of claim in the bankruptcy court on its right to an equitable distribution of the res of the estate. Nor will the Court address the consequences that may result if Handl–It elects to file a proof of claim in the bankruptcy court subsequent to this decision.

al rights where there is an affirmative and timely assertion of those rights. In many settings, courts have found that the waiver of constitutional rights must be knowing and voluntary. *See, e.g., Parke v. Raley,* 506 U.S. 20, 28–29, 113 S.Ct. 517, 522–23, 121 L.Ed.2d 391 (1992) (guilty plea must be knowing and voluntary because it waives the right to a jury trial, the right to confront one's accusers, and the privilege against self incrimination); *see also, Data Compass Corp. v. Datafast, Inc. (In re Data Compass Corp.),* 92 B.R. 575, 578 (Bankr.E.D.N.Y.1988) ("A waiver of any constitutional right must be knowing, voluntary, and intelligent"). In this case, Handl–It affirmatively and timely asserted its right to a trial by jury. It would not serve justice to find that even though a party has affirmatively and timely asserted its Seventh Amendment right to a trial by jury, it nevertheless implicitly waived that right by bringing counterclaims that arose out of the same occurrence or transaction as the claims asserted against it. The constitutional right to a trial by jury is not so ephemeral.

As previously indicated, in exercising discretion to grant or deny a motion to withdraw the reference, this Court will consider whether the claim is a core bankruptcy proceeding or whether it is non-core; whether the parties have requested a jury trial; and whether withdrawal would serve judicial economy, such as the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

This adversary proceeding relates to non-core matters. In addition, Handl–It has properly requested a jury trial. When there has been a jury demand in a non-core proceeding, courts generally find that judicial economy would be served by withdrawal of the reference because the district court must (absent the consent of all parties) hold the trial:

> Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to per-

mit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation.

*Gumport v. Growth Fin. Corp. (In re Transcon Lines),* 121 B.R. 837, 838 (C.D.Cal.1990). Handl–It has properly asserted the right to a jury trial and has not forfeited its right to a jury. In a similar situation, the Ninth Circuit held that it was an abuse of discretion not to withdraw the reference. *In re Cinematronics,* 916 F.2d 1444, 1451 (9th Cir. 1990); *see also, Peachtree Lane Assocs. v. Granader,* 175 B.R. 232, 235 (N.D.Ill.1994) (" 'cause' to withdraw the reference automatically exists in cases where the party seeking withdrawal is entitled to a jury trial under the Seventh Amendment").

Considerations of judicial economy also favor withdrawal. In a previous case, this Court found judicial economy to favor withdrawal in a non-core proceeding. In *Hatzel & Buehler, Inc. v. Orange & Rockland Utils.,* 107 B.R. 34, 40 (D.Del.1989), this Court noted that "[b]ecause the consolidated adversary proceedings involve a non-core proceeding, the Bankruptcy Judge could not enter a final judgment in the matter unless the parties consented." This Court would have been required to review the findings of fact and conclusions of law of the bankruptcy judge in light of the controlling law, so there would have been significant duplication of effort. *Id.* Although such determinations are fact-dependent and case-specific, this Court would reach the same conclusion in this case, even absent the right to a jury trial. This case involves contract, tort and restitution claims. It is the type of diversity case routinely tried in federal court and is somewhat removed from the bankruptcy court's realm of expertise.

### III. CONCLUSION

Handl–It has shown cause to withdraw this adversary proceeding from the bankruptcy court to the district court. This dispute is a non-core proceeding. Moreover, Handl–It retains its Seventh Amendment right to a trial by jury. Handl–It has not filed a proof of claim in bankruptcy, and the adversary proceeding does not involve the claims-allowance process. Consequently, Handl–It nei-

ther invoked the equitable jurisdiction of the bankruptcy court nor waived its right to a trial by jury by filing its counterclaims. Because the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. For this reason alone withdrawal is compelled. Judicial economy, however, also favors the withdrawal of the reference. Accordingly, this Court exercises its discretion to withdraw the reference of the above-captioned adversary proceeding. An appropriate order will issue.